WILLIAMS & LEE, plaintiffs in error, *vs.* ROBERT E. WYLLY, defendant in error.

Under the provisions of the Code, the vendor of a chattel (in the absence of any express warranty) warrants that the article sold is merchantable, and reasonably suited to the use intended, and that he knows of no *latent* defects undisclosed, and a partial failure of consideration may be pleaded to such sale against the vendor of the chattel, when the defect in the chattel was not *apparent* to the purchaser at the time of the sale and not *disclosed* by the seller, especially when the evidence shows that the vendor knew of the defect in the chattel sold prior to the sale.

Failure of consideration. Warranty. Sale. Before Judge SESSIONS. Pierce Superior Court. September Term, 1871.

For the facts of this case, see the decision.

W. B. FLEMMING; W. H. DASHER, represented by S. B. SPENCER, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiffs, who were partners, against the defendant, on a promissory note. The defendant pleaded a partial failure of consideration, alleging that one of the mules for which the note was given was unsound at the time of the sale, and was of no value; and that the consideration, so far as that mule was concerned, had failed, to-wit: in the sum of $150, of which the plaintiffs then and there *had notice.* On the trial, it appears from the evidence in the record, that the plaintiffs sold to the defendant two mules and a wagon, one of the mules being blind; that the defendant had paid the plaintiffs $150, which was credited on the note. One witness testified that the unsound mule, which died, was the inducement to the purchase. It also appears from the evidence that the mule was sick before the sale; and one witness testifies that Lee, one of the plaintiffs, was told before the sale that the mule was sick and diseased, and would die on his hands. To which he replied: "Well, patch him up; perhaps he would get well enough to sell, and we will get rid of him." Shortly after the purchase the mule died; and after the death of the mule, Lee, one of the plaintiffs, said that the mule was not worth anything, and defendant ought not to pay for him. The Court charged the jury that, if they found, under the evidence, that the mule was sick or diseased at the time of the sale, and died of the disease, that it was a partial failure of consideration, and defendant entitled to a verdict. The jury found for the defendant, and the plaintiffs made a motion for a new trial, on the ground of error in the charge of the Court, and because the verdict was contrary to the evidence, which motion was overruled, and the plaintiffs excepted. The error alleged to the charge of the Court is, that this defense, of partial failure of consideration was not a good defense to the note under the facts of the case, unless there had been a warranty of the soundness of the mule, or deceit on the

part of the plaintiffs when the sale was made. Whatever may have been the rule by the common law in relation to this question, our Code has modified that rule, if it has not entirely changed it.   " If the consideration, apparently good or valuable, fails, either wholly or in part, before the promise is executed, such failure may be pleaded in defense to the promise.   If it be *partial*, an apportionment must be made according to the facts of each case :" Code, section 2706. " Whenever an action shall be commenced at common law, founded upon *any contract*, the defendant in such action may plead and give in evidence to the jury, upon the trial thereof, that the consideration upon which said contract was founded has totally or *partially* failed.   Such plea shall only be pleaded in cases between the original parties to the contract, or their privies or assignees, whose title has been acquired with notice, actual or constructive, or by operation of law :" Code, 3421.

If there is no express covenant of warranty in the sale of a chattel, the seller warrants that he has a valid title, and right to sell; that the article sold is merchantable and reasonably suited for the use intended ; that he knows of no *latent defects undisclosed :* Code 2609.   In this case the evidence is that one of the plaintiffs, who were partners, knew that the mule was diseased, which fact was not apparent to the purchaser, nor disclosed by the seller.   Although the charge of the Court may not have been technically correct, yet it was substantially so in view of the facts of the case ; and when it appears from the evidence in the record that justice has been done, a new trial should not be granted : Terhune *vs.* Dever, 36 Ga. R., 653.

Let the judgment of the Court below be affirmed.