Hoffman *vs.* Oates, executor.

---

HOFFMAN *vs.* OATES, executor.

1. The verdict is supported by the evidence and not contrary to law.
2. If the general charge substantially covers a request to charge, the court need not repeat the charge in the language of the request, though in writing.
3. An implied warranty of the fitness of property sold for ordinary use does not embrace defects discoverable by ordinary care. The evidence in this case was sufficient to warrant the charge to this effect.

Hoffman *vs*. Oates, executor.

(*a*.) Neither 32 *Ga.* 704; 36 *Id.* 648; 45 *Id.* 580; 47 *Id.* 273, nor 59 *Id.* 113, control this point.

(*b*.) Damages for bringing the case to this court are denied.

October 12, 1886.

Charge of Court.    Warranty.    Practice in Supreme Court.    Before Judge MARSHALL J. CLARKE.    Fulton Superior Court.    September Term, 1885.

Oates, as executor of Baker, deceased, brought an action of complaint against Hoffman, on a promissory note, dated May 26, 1881, due thirty days after date, for $450.    On it were two credits, one dated May 27, and one July 26, 1881, and the balance was sued for.    The defendant pleaded failure of consideration, in that the note sued on was given for a balance due on horses, which were represented to be sound, healthy and reasonably suited to the purposes for which they were intended; but that within a few days one of them went blind in one eye, another became totally deaf, and a third became spavined about the time the note was given; so that they proved of no value to defendant.    He also pleaded that the horses were impliedly warranted to be reasonably suited to the purpose for which they were intended, and that the defects already stated amounted to a breach of the warranty and damaged defendant to the extent of $365.

On the trial, the plaintiff introduced the note sued on and closed.    The defendant introduced testimony tending to show that he had purchased the horses from Baker in May, 1881, and that within a few days thereafter, the defects above stated were noted.    Witnesses testified what they would consider the horses worth in good condition, and what with the defects.    It did not appear what price was put on the horses in the purchase.    There was some discrepancy in the descriptions by witnesses of the man from whom the animals were bought.    One stated that spavin was a defect easily detected, and that he noticed this defect at once on seeing the horse when Hoffman bought it from Baker.

The jury found for the plaintiff $150 principal and $46.37 interest. The defendant moved for a new trial on substantially the following grounds, among others:

(1.) Because the court refused to charge as follows:' "It is not necessary for the defendant to have made tender and offer to rescind. He can set up his defences when assailed, and also claim damages by way of recoupment without a separate suit."—This was assigned as error especially because the counsel for the plaintiff argued to the jury that, before the defendant could avail himself of his pleas of failure of consideration and recoupment, he must show that he offered to rescind the trade; and the counsel for the defendant combatted this position.

(2.) Because the court, after correctly charging that the plaintiff impliedly warrants that he has a good title and right to sell, and the article must be merchantable and reasonably suited to the use intended for it, qualified such charge as follows: "An implied warranty, however, does not cover defects which can be discovered by ordinary prudence and caution." [On this subject the court charged as follows: "When one sells an article of personal property, he impliedly warrants that it is merchantable and reasonably suited to the use intended, and that the seller knows of no latent defects undiscovered. 'Latent defects' means such defects as are hidden. An implied warranty, however, does not cover defects which can be discovered by ordinary prudence and caution. As to these, the law presumes the buyer to exercise his own judgment. If you believe that the consideration of the note sued on was a lot of horses; that they were not, at the time of the sale, merchantable and reasonably suited to the use intended, and that they were so because of defects which were not discoverable by ordinary prudence, this would be a good defence to the note. If the evidence shows that the consideration of the note failed entirely, this would altogether defeat a recovery. If there was a partial failure, there should be an apportionment between the parties according to the facts of the case."]

(3.) Because the verdict was contrary to law and evidence.

The motion was overruled, and the defendant excepted.

E. A. ANGIER, for plaintiff in error.

WALTER R. BROWN, for defendant.

JACKSON, Chief Justice.

This is a suit brought by the representative of a deceased livery-stable man against another livery-stable man on a note for four hundred and fifty dollars, with two credits upon it at different times for one hundred and fifty dollars each. The jury found the balance due on the note, and the defendant, having filed a plea of failure of consideration and recoupment, because some of the horses were worthless, or of less value than he paid for them, and for care of them when sick, made a motion for a new trial, and on its denial excepted.

1. The verdict is amply supported by the evidence, and not contrary to law. There is no proof of the price paid for the three horses said to be diseased, and thus the damage could not be estimated by the jury on the plea of recoupment or failure of consideration. Several other horses were sold, and what they were priced at does not appear. They were sound. The pleas themselves were defective in failing to allege disease at the time of the sale. Really there seems doubt that the diseased horses were sold by the deceased to the defendant, as the witnesses describe a different man from plaintiff's intestate.

2. Only two points of law are made and urged here. One is, that the court did not charge that defendant need not make a tender back before he could set up failure of consideration or recoup for damages, though requested to do so in writing. The court charged it substantially in full, and the entire charge is unexceptionable. When substance is charged, the court need not give a written re-

quest. *Georgia Reports passim.* This case is not taken out of this rule because counsel had argued want of tender back and part payment of the note, as evidence the jury might consider to show that the plea was an afterthought and the defence groundless.

3. There is certainly no error in the charge that an implied warranty, arising upon the fitness of the thing sold for ordinary use, does not embrace defects discoverable by ordinary prudence and care. There is abundant evidence that these defects in the three horses were discoverable by such care and prudence. Starting the deaf horse would discover his defect. The moon-eyes were visible, and the sprained condition of the third might be as easily discovered. Certainly some was discoverable in one or more of the three, and that in one is enough to base a charge upon. Neither 32d *Ga.* 704; 36th *Id.* 648; 45th *Id.* 580; 47th *Id.* 273, nor 59th *Id.* 113, control this point.

The only question is damages for delaying plaintiff in bringing the case here. We forbear to give them, because it may be that delay was not the sole cause for bringing the case to this court.

Judgment affirmed.