EDISON GENERAL ELECTRIC COMPANY *v.* BLOUNT *et al.*

1. Where, under the terms of a contract for the construction of an electric light plant, one half of the price was to be paid before the work was completed (which was done), and the remaining half sixty days after the "starting of the plant," and the parties who contracted for the plant refused at the end of the sixty days to pay the balance due, because of defects in the work, but months thereafter, with a full knowledge of these defects and while a controversy was pending between them and the contractor as to the terms of settlement, executed and delivered to the latter their promissory notes for such balance, they thereby waived the defects in question and could not set up the same in defense to an action on the notes.

2. The foregoing is true although the defendants may have been induced to give the notes because of a promise by the plaintiff to sell the plant for them at an advanced price. Whether such a promise was or was not made in good faith and with an honest intention to comply with it, the mere failure of the plaintiff to do so would not authorize the defendants to go behind the notes on the ground of fraud in their procurement, and thus avail themselves of the defense they had already waived, viz., that the plant was defective in its construction and operation. Nor would the defense of fraud in the procurement of the notes be available if the promise were made in the pursuance of a design on the part of the plaintiff, by some trick or device, to fraudulently palm off the property on a third person for more than its value, and this design was known to and participated in by the defendants.

3. This case, upon its substantial merits, is controlled by the law announced in the preceding notes; and therefore, whether the trial judge did or did not err as alleged in the various grounds of the motion for a new trial, the verdict should have been set aside.

July 29, 1895. Brought forward from the last term.

Complaint on notes. Before Judge BOWER. Decatur superior court. May term, 1894.

D. A. RUSSELL and L. E. BLECKLEY, for plaintiff.
DONALSON & HAWES, for defendants.

LUMPKIN, Justice.

1. Quite a number of questions arose in this case, with which we deem it unnecessary to deal specifically, for the reason that upon the really material facts, and in

view of a few very simple and well recognized legal principles, the defense set up to the plaintiff's action was clearly not maintainable.

Blount and others contracted with the Edison General Electric Company for the construction of an electrict light plant. Under the terms of the contract, one half of the price was to be paid before the work was completed, and the remaining half sixty days after the "starting of the plant." The first half of the purchase money was in fact paid; but at the end of the sixty days, the parties who contracted for the plant refused to pay the balance because of alleged defects. After considerable negotiation, the dispute raised by the defendants was adjusted; and as a result they executed and delivered to the plaintiff the notes now in suit. These notes were absolute and unconditional, and it is not pretended that anything was omitted from them, or that there was any intention to write them otherwise than in the precise phraseology in which they are expressed. If the plant was in fact defective, the defendants had the fullest possible knowledge of its defects, for the notes were given months after the completion of the plant, and at the termination of a controversy during which the defendants asserted and strenuously insisted that the plant was not constructed according to contract. We therefore think it beyond question that, by giving the notes under these circumstances, the defendants waived the defects in question, and should not now be allowed to set up the same in defense to an action on the notes.

2. It was insisted, however, that this waiver should not be deemed effectual for the purpose of cutting off the defense that the electric light plant was defective, because the defendants were fraudulently induced to give the notes by a promise from the plaintiff's agent that he would sell the plant for them at an advanced price, which promise the agent had never in fact per-

formed, nor ever intended to perform. There was no plea that the consideration of the notes had failed, totally or partially, because of a breach of this promise; but the defendants were really endeavoring to get the benefit of the defense first above mentioned, because of the alleged fraud in the procurement of the notes themselves by the making of this promise and the agent's failure to carry it out. Though such a promise may have been made and broken, a mere breach of it, whether at the time of making it the plaintiff's agent intended to perform it or not, would certainly not authorize the defendants to go behind the notes, on the ground of fraud in their procurement, and thus avail themselves of the defense they had already waived, viz: that the plant was defective in its construction and operation.

There was some evidence from which it might be inferred that if the plaintiff's agent did promise to sell the plant, the promise was made in pursuance of a fraudulent scheme on his part to palm off the property on a third person for more than its value, and that this design was known to and participated in by the defendants themselves. Assuming all this to be true, however, it would negative rather than prove the defendants' contention, that they were induced to execute and deliver the notes because of a fraud practiced upon *them*, and by which *they* were deceived; and would simply show that the notes were voluntarily given by the defendants with full knowledge on their part that the plaintiff's agent intended, with their connivance, to perpetrate a fraud upon another.        *Judgment reversed.*