## HARDER *v.* CARTER.

*Lumpkin, J.*—Even if the machinery for the agreed price of which the action was brought was in fact defective or worthless, yet as the defendant, after the most complete and ample opportunities for trying and testing it, and with full knowledge of its character and of all its alleged defects, deliberately promised in writing to pay for it, she could not thereafter set up in resistance to such action the defense of failure of consideration predicated upon alleged defectiveness or worthlessness of the machinery.                    *Judgment reversed.*

August 5, 1895.

Complaint on account.  Before Judge Butt.  Talbot superior court.  September term, 1894.

Suit was brought against Mrs. Carter for $147 as the price of a "two-horse power with two belt-wheels, one the regular 42 inch wheel, and the other 24x6, for cotton-gin use." She pleaded, that the power was sold to her as first class, perfect and complete, whereas it was worthless; and that it was sold to her for running a gin, plaintiff representing that it was suitable for that purpose, but, though used as directed by plaintiff, it was not so suitable and could not be used for running the gin. The jury found for

v 97-18

defendant.   Plaintiff moved on the general grounds for a
new trial, and the motion was overruled.   From the evi-
dence in his behalf it appears, that the machinery was sold
and delivered in August, 1890, to be paid for in the next
October.   It was sold for thrashing and sawing, as well as
for ginning cotton; and both parties so understood.   Dur-
ing that fall season defendant wrote letters to plaintiff, com-
plaining that the machinery was worthless to her and could
not be used.   In February, 1891, an agent of plaintiff
visited defendant's place, examined  the machinery and
found that it had been improperly put up, causing it to run
heavily and lessening the force it would otherwise have
produced; also, that defendant was using horses that were
thin and of light weight, and so improperly shod that in
treading the bridge they slipped, thereby becoming fright-
ened, worried and tired.   He adjusted the machinery in a
proper manner, and together with defendant's employees
ran it and ginned cotton with it; and it worked well, just
as plaintiff said it would work, and accomplished good re-
sults and ginned as much cotton as could be expected with
such horses as defendant had.   She thereupon expressed
herself as satisfied, and proposed to pay for the machinery
on the next day.   She did not do so, but later in the month
wrote a letter to plaintiff, stating that she had been sick and
that her house had been burned, but promising to send him
New York exchange.   In another letter after the agent's
visit, she renewed her complaint of the machinery.   She
never refused to pay for it nor tendered it back.   From her
testimony and that of another witness, it appears that the
machinery was worthless for ginning cotton; and that the
horses she used were of medium size.   She denied having
expressed satisfaction or promised the agent to pay for the
machinery, and claimed to have tendered it back by a letter
to plaintiff; that she tried repeatedly to run it, obeying his
instructions, and being anxious to succeed with it.   The

agent knew nothing of ginning cotton, and did not improve the machinery so as to gin satisfactorily, etc.

*J. M. Mathews* and *J. H. Martin*, for plaintiff.

*Henry Persons & Son* and *J. L. Willis*, for defendant.