## LUNSFORD, MAXWELL & CO. *v.* MALSBY & AVERY.

1. Where to an action upon a promissory note given for the purchase price of machinery, the defendant filed a plea of failure of consideration, and in support of such plea introduced evidence tending to show that the machinery was not reasonably suited to the purposes for which it was intended, because of certain defects existing therein, and where the evidence further showed that at the time of the execution of the note the defendant had actual knowledge of all of such defects, the law of implied warranty on the part of the seller did not enure to the benefit of the defendant, but on the contrary, he was properly held to have waived the same as to all such defects.

2. Upon the trial of such a case, where the note sued on was absolute and unconditional in its terms, evidence of a parol contract and agreement on the part of the seller of the machinery, made and entered into at the time of the execution of the note, that if the machinery would not do a specified amount of work within a given time the purchaser would not be bound to pay the note and the signing of the note should be null and void, was inadmissible, as its effect would have been to contradict and vary the terms of the written contract.

Submitted April 13, — Decided May 6, 1897.

Complaint on notes.  Before Judge Reese.  Elbert superior court.  September term, 1895.

*John P. Shannon*, for plaintiffs in error.
*Joseph N. Worley*, contra.

LITTLE, J.  This suit was founded upon two unconditional promissory notes.  Several pleas were filed by the defendants, and evidence introduced to sustain the defenses made.  It appears that the notes were given for the purchase of a certain machine known as "L. No. 1 Scientific Grinding-Mill with Cottonseed-Feeder."  It further appeared from the testimony of some of the witnesses, that the use for which the machine was desired was known to the plaintiffs; that when the machine was put in position, the agent of the plaintiffs was sent for to operate the machine and make it perform the service which it was represented that it would perform; that it entirely

failed to grind the seed as rapidly and as fine as it was represented it would do; that a thorough trial of the machine was made by the agent of the plaintiffs after the delivery of the machine, in the presence and with the co-operation of the defendants; that upon such test it developed that it would not do the work according to the representations, and that after this the defendants executed and delivered to the plaintiffs the notes sued on. The jury, under the charge of the court below, returned a verdict for the plaintiffs. The defendants made a motion for a new trial on the several grounds therein contained; and we are now to pass upon the question whether any error was committed in the refusal of the presiding judge to grant a new trial.

1. The plea of failure of consideration, in so far as it rested upon the alleged unsuitableness of the machine for the purposes for which it was intended, because of certain defects existing therein, could not avail the defendants under the evidence in the case. The notes were not signed by the defendants until *after* they had examined the machine and tested it with the aid of the agent of the plaintiffs. It is true, that after examining the machine and thoroughly testing it, the defendants came to the conclusion that it would not perform the service that it had been represented it would perform — that is, grind cottonseed at the rate of 50 to 75 bushels per hour, and of such fineness as that the product could be used for a fertilizer. In the case of *Harder* v. *Carter*, 97 *Ga.* 273, which is analogous to this branch of the present case, it was held that, "Even if the machinery for the agreed price of which the action was brought was in fact defective or worthless, yet as the defendant, after the most complete and ample opportunities for trying and testing it and with full knowledge of its character and of all its alleged defects, deliberately promised in writing to pay for it, he could not thereafter set up in resistance to such action the defense of failure of consideration predicated upon alleged defectiveness or worthlessness of the machinery." See also, the case of the *American Car Company* v. *Atlanta Street Railway Company*, 100 *Ga.* 254. It is true that in the sale of an article, where there is no express covenant of

warranty, the law implies a warranty on the part of the seller, among other things, that the article sold is merchantable and reasonably suited to the use intended, and that he knows of no latent defects undisclosed; but at the same time it imposes upon the purchaser a corresponding duty of exercising caution in detecting defects. Civil Code, § 3555. Accordingly, it has been ruled that the implied warranty of the fitness of the property for the use intended does not embrace defects discoverable by ordinary care. *Hoffman* v. *Oates,* 77 *Ga.* 701. The defects complained of and which existed in the machine were clearly discoverable by testing the same; for, as shown by the evidence, the defendants, when the machine was tested, did in fact discover the defects complained of and the lack of capacity in the machine to perform the service which it was represented it would perform, and with knowledge of these facts they executed and delivered the notes now sued on. The law of implied warranty will not avail against patent defects, nor against latent defects which are either disclosed, or are discoverable by the exercise of caution on the part of the purchaser. In the present case the defendants had actual knowledge, before executing the notes, of all the defects of which they now complain; and this being true, so far as the law of implied warranty is concerned, there could be no failure of consideration, because at the time of executing the contract the defendants had knowledge of the latent defects; this knowledge lost them the right to invoke the law of implied warranty, and it will be presumed they contracted for the machine as it then stood. See *Byrd* v. *Campbell Co.,* 90 *Ga.* 547; *Williams* v. *Wyley,* 45 *Ga.* 580; *Hoffman* v. *Oates,* 77 *Ga.* 701.

2. The defendants also set up, as showing failure of consideration, certain express warranties, on which is predicated their contention that the court erred in refusing to admit certain evidence as set out in the fourth, fifth, sixth and seventh grounds of the motion for new trial. By reference to these grounds it will be seen that the evidence offered went only to the effect that, before the notes sued on were executed, there was an express verbal agreement between the parties that unless the machine would grind a certain number of bushels of

cottonseed per hour, sufficiently fine to be used for a fertilizer, and that if the machine did not do all that it was represented it would do, then the notes were to be null and void and the defendants would be under no obligation to pay the same. The rejection of this evidence was proper and legal. The notes sued on contained no such stipulations. They were unconditional contracts to pay money at a given time, for a certain consideration, and the conditions sought to be engrafted on them by this parol evidence would have varied and changed the terms of the contract. This can not be done. Civil Code, § 3675, par. 1. No fraud or mistake being shown, the force and effect of these notes, being absolute and unconditional on their face, could not be destroyed or affected by such conditions resting merely in parol. They formed no part of the contract embraced in the notes, and will not be admitted to contradict the terms thereof. In the case of *Lester* v. *Lester*, 43 *Ga.* 190, suit was brought on a note, and the defendants offered to prove that the conditions of the contract for which such note was given were that the plaintiffs, a firm of lawyers, were to clear the defendants of the charge for which they were indicted, or they were to have nothing. It was there properly ruled that such could not be done. As will be seen, the evidence sought to be introduced by the defendants was an attempt to set up a condition directly in the face of the terms of the notes. The substance of the agreement sought to be proved was, that upon the existence or happening of a given contingency, the signing of the notes should be null and void and the defendants should not be bound to pay them. The notes contained no such condition; and to permit this parol agreement to contradict and defeat the plain and unambiguous provisions thereof, would be to override a wise and well-established principle of law, and greatly depreciate the value of written contracts. We conclude, therefore, that the presiding judge committed no error in excluding testimony, nor in overruling the defendants' motion for a new trial; and hence direct that the judgment of the court below stand

*Affirmed.   All the Justices concurring.*