MEANS *v.* SUBERS SONS.

1. In the trial of an action upon a promissory note, in which the defense was that the consideration of the note was certain plumbing material to be placed in houses being constructed by the defendant, and that the material furnished was not of the quality and character contracted for but was of much less value, it was error to admit evidence tending to show that the buildings being erected by the defendant were constructed of very inferior material and altogether in a very cheap manner.

2. The giving of a promissory note for the purchase-money of an article will not preclude the maker from setting up, in defense to a suit on the note, that the consideration thereof has failed for the reason that the article sold was defective, unless it be shown that at the time the note was given the maker had full and complete knowledge of the fact that the article was defective, or had inspected and examined the article, and the defects therein were of such a character as to be patent to the person making the inspection or examination.

Submitted March 1, — Decided April 28, 1902.

Complaint.   Before Judge Nottingham.   City court of Macon.   July 11, 1901.

*Moore & Daly* and *Ross & Grace,* for plaintiff in error.
*Estes & Jones,* contra.

115  371
Case 2
116  456
116  513
115  371
Case 2
c120  734

COBB, J.  Subers Sons brought suit against Means on a promissory note.  The defendant pleaded, among other things, that the consideration of the note had partially failed; the allegations of the plea being, in substance, that the plaintiffs had agreed to do certain plumbing work in three houses that the defendant was constructing, the material to be used being of a specified quality and character, and that the material actually used was of a different character and of an inferior quality to that contracted for.  The jury returned a verdict in favor of the plaintiffs, and the defendant complains of a judgment overruling his motion for a new trial.

1. Error is assigned upon a ruling of the judge which permitted a witness to testify that the houses which were being constructed by the defendant were " the cheapest lot of houses ever built in Macon" or that the witness ever saw; that the bathroom had boards on it made out of old white pine dry-goods boxes; that it was not ceiled on the inside at all, but was boarded up and down on the outside, the shingles showing inside.  It was error to admit this evidence.  It could have no possible legitimate bearing upon the issue between the parties.  The question was, what was the character of the material provided for in the contract?  The defendant was entitled to have this kind of material furnished by the plaintiffs.  If he desired first-class plumbing material put into an inferior building, he had a right to have this done; and if he made a contract with another to this effect, the other party to the contract was in no way concerned with the fact that the character of the plumbing was not appropriate to the structure in which it was placed.  This was a matter to be determined by the defendant, and was none of the business of the plaintiffs.  They should comply with their contract, whatever that was, without regard to what might be their opinion as to the advisability of using plumbing material of high grade and quality in cheaply built houses.  The admission of this evidence in the present case was not only error, but it was peculiarly harmful.  It was calculated to prejudice the defendant's case in the minds of the jury and carry their minds away from the main issue in the case, that is, whether the plaintiffs had complied with their contract.

2. The judge charged the jury, in substance, that if at the time the defendant executed the note he could have ascertained by the exercise of ordinary diligence, or if by prudent inquiry he could

have known, that inferior material was used, the execution and delivery of the note amounted to a waiver on the part of the defendant of his right to claim damages on account of the inferior material used. This charge was erroneous. It has been held that where one gives a note for the purchase-money of an article which is defective, "with a full knowledge of these defects," he will be held to have waived the defects, and can not set up the same in defense to an action on the note. *Edison General Electric Co.* v. *Blount,* 96 *Ga.* 272. See also *Harder* v. *Carter,* 97 *Ga.* 272. The same rule has been applied in a case where the maker of the note had "full and complete knowledge of certain defects in the property, which knowledge had been acquired after ample opportunity for observing and ascertaining the character and condition of the property." *American Car Co.* v. *St. Ry. Co.,* 100 *Ga.* 254. See also *Lunsford* v. *Malsby,* 101 *Ga.* 39; *Atlanta St. Ry. Co.* v. *American Car Co.,* 103 *Ga.* 254; *Atlanta Bottling Co.* v. *Hutchinson,* 109 *Ga.* 550; *Hogan* v. *Brown,* 112 *Ga.* 662. An examination of the different cases cited will show that in each case the defendant, at the time of the execution of the note, had full knowledge or complete knowledge that the article which was the consideration of the note was defective. The waiver which the law enforces in such a case against the maker of a note is one founded upon actual knowledge. In the case of *Page* v. *Dodson,* 106 *Ga.* 80, where the rule above referred to was applied, it appeared that the defendants had, "before the making of the contract, ample opportunity to inspect, and did in fact inspect, the machines, and knew of, or could by the exercise of ordinary diligence have discovered, the defects of which they afterwards complained." That case is as far as this court has ever gone in holding that the giving of a note was a waiver of defenses founded upon the defective condition of the article which was the consideration of the note; and it was held there simply that where the evidence showed an actual inspection of the article, and the defects were of such a character that an inspection would bring them to light, the failure of the party inspecting to see the defects would not avail him as a defense to a suit on the note. In *Montfort* v. *Americus Guano Co.,* 108 *Ga.* 12, it was held that where the defendant gave a note for the purchase-money of fertilizers, with full knowledge of the fact that the crops upon which the fertilizers had been used had failed, he was precluded from setting up, as a de-

fense to the note, that the guaranteed analysis did not correspond with the official analysis, when he could have discovered this fact by inquiry at the office of the commissioner of agriculture before the note was given. In that case the defendant had full knowledge at the time he gave the note that the fertilizers were worthless, and he was also charged by law with knowledge of the fact that mere inquiry at the office of the commissioner of agriculture would disclose to him whether the guaranteed analysis corresponded with the official analysis. We do not feel disposed to extend the rule any further than it has been extended in the two cases last cited. In order for the holder of a promissory note given for the purchase-price of an article to claim that the maker has waived his right to set up as a defense that the article was defective, it must appear that at the time the note was given the maker had actual knowledge that the article was defective, or that, prior to the giving of the note, he had inspected and examined the article in question, and the defects therein were of such a character as to be patent to the person making the inspection or examination. The rule will not be extended to a case where the maker could have inspected but actually did not inspect or examine the article. The charge of the judge in the present case carried the rule further than we are willing to extend it.

The foregoing deals with all of the assignments of error which require special notice. There was, under the facts of the case, no error in excluding from evidence the bills for water rent which had been paid by the defendant. The court should not have charged on the subject of water rents after the evidence was excluded, but this error would not alone have been sufficient to require the granting of a new trial.

*Judgment reversed     All the Justices concurring, except Lewis, J., absent.*