MOULTRIE REPAIR COMPANY *v.* HILL, and *vice versa*.

1. It is only in the absence of an express warranty that a resort can be had to an implied warranty.

2. Where property is bought under the implied warranty that it is reasonably suited to the uses intended, an acceptance by the purchaser of the property waives all defects which might have been discovered by the exercise of ordinary care and prudence before delivery. In case of an express warranty that the property sold will be of a particular kind and quality, the purchaser has a right to rely on the warranty, and may plead partial failure of consideration growing out of defects discovered after acceptance, even though they would have become apparent upon an examination before delivery.

3. While a party will not be permitted to impeach a witness called by him, by proof of general bad character, or by proof of contradictory statements, unless it appears that he has been entrapped by the witness, he is not bound, by calling the witness, to accept his testimony as true, but may prove by another witness a different state of facts.

4. While the bringing of an action of trover by a seller in a contract of conditional sale, contained in a note reserving the title to the property sold, has the effect to rescind the contract, and the seller will not be entitled to recover until the note is surrendered to the buyer or sufficiently accounted for, proof that when the suit was instituted the note was in the possession of the seller and still owned by him, and that it was lost in his possession pending the trial, is sufficient, prima facie, to show a right to recover in the trover suit, if the plaintiff has otherwise made out his case.

5. In an action of trover by the seller of personal property who has retained title to the same to secure the payment of the purchase-money, when the plaintiff elects to take a money verdict the damages can in no event exceed

the value of the property at the time of the conversion, with interest or hire, or the highest proved value between the conversion and the trial, according to the election of the plaintiff, notwithstanding the balance due on the debt may be a larger sum.

6. In an action of the character indicated in the preceding headnote, in fixing the damages interest should be calculated at the conventional rate, if the note containing the contract of sale so stipulates; but in no event are attorney's fees a part of the damages, although there may be a stipulation to that effect in the note and the evidence may disclose a state of facts which would authorize a recovery of attorney's fees if the suit had been directly upon the note and there had been a claim for such fees.

7. The rule laid down in *Harder* v. *Carter*, 97 *Ga.* 273, and cases which follow it, will not be extended to a case where the maker of the note could have inspected but did not actually inspect or examine the article sold.

Submitted June 23,—Decided July 14, 1904.

Trover.　　Before Judge Covington.　　City court of Moultrie. November 18, 1903.

*T. H. Parker* and *Mayson, Hill & McGill*, for Moultrie Repair Company. *Shipp & Kline*, contra.

COBB, J. 1, 2. It is only in the absence of an express warranty that a resort can be had to an implied warranty. *Johnson* v. *Latimer*, 71 *Ga.* 471; *Malsby* v. *Young*, 104 *Ga.* 205 (4). In case of an express warranty that the property sold is of a particular kind and quality, the purchaser has a right to rely on the warranty, and may plead partial failure of consideration, growing out of defects discovered after acceptance; and partial payments with knowledge of the defective condition will not estop the buyer from pleading partial failure of consideration. But where property is bought under the implied warranty of the law that it is reasonably suited to the uses intended, acceptance by the purchaser waives all defects which might have been discovered by the exercise of ordinary care and prudence before delivery. *Cook* v. *Finch*, 117 *Ga.* 541. The defendant pleaded and relied upon an express warranty, and it was therefore error to reject evidence tending to show that the article sold was defective in a particular covered by the express warranty.

3. When the writing claimed to contain the express warranty was offered in evidence, it was objected to on the ground that its execution had not been proved. The defendant offered a witness who testified that in his opinion the signature of the plaintiff to the writing was genuine. The court rejected this evidence, upon

the ground that another witness for the defendant had already testified that the signature of the plaintiff to the writing was not genuine, and that the defendant could not impeach his own witness. We think this was error. While the rule is that a party can not impeach his own witness by proof of general bad character, nor by proof of contradictory statements, unless it is shown that he has been entrapped by the witness, still it has never been held that a party is bound by the testimony of his witness to such an extent that he can not introduce other evidence which disproves the facts testified to by the witness. *Cronan* v. *Roberts*, 65 *Ga.* 678.

4. It appeared that the plaintiff had sold to the defendant articles of personal property, and that a note was given to him by the defendant for the purchase-money, in which title was reserved in the seller until the money was fully paid. When the plaintiff elected to bring a suit in trover for the recovery of the property, this was in effect a rescission of the contract contained in the note, and the plaintiff was not entitled to recover until the note had been surrendered or a sufficient reason given for its non-production. *Tidwell* v. *Burkett*, 81 *Ga.* 84; *Glisson* v. *Heggie*, 105 *Ga.* 30. The plaintiff was not entitled to recover in the action of trover until it was shown that the defendant would incur no risk of liability on account of the note. It appeared from the evidence that the plaintiff was in possession of the note at the time the suit was instituted, but that the same was lost in his possession pending the suit, and for this reason could not be surrendered at the trial. These facts were sufficient to establish prima facie the right of the plaintiff to recover in the trover action, in the event he had otherwise made out his case. See *Jackson* v. *Brown*, 102 *Ga.* 87.

5. When the plaintiff in an action of trover elects to take a money verdict, the amount of the recovery can in no event exceed the value of the property with interest or hire from the date of the conversion, or the highest proved value of the property at any time between the conversion and the trial, without interest or hire. *O'Neill Mfg. Co.* v. *Woodley*, 118 *Ga.* 114; *Hodges* v. *Cummings*, 115 *Ga.* 1000. If the interest of the plaintiff is less than absolute ownership, that is, such as the interest of a pledgee in a pledge, or of a seller of property who has reserved

title, or the like, the measure of damages can in no event exceed the interest of the plaintiff in the property at the time of the verdict. *Holmes* v. *Langston*, 110 *Ga.* 861; *Fussell* v. *Heard*, 119 *Ga.* 527; *Bradley* v. *Burkett*, 82 *Ga.* 255. If the plaintiff is one who has sold the property and reserved title to the same, and the value of the property at the date of the conversion, with interest or hire as the case may be, or the highest proved value at any time between the date of the conversion and the date of the trial, is less than the amount due on the debt at the date of the verdict, the plaintiff's recovery is limited to an amount made up in one of the ways above indicated, notwithstanding a larger amount may be due on the debt. It follows, therefore, that in an action of the character just indicated, it is indispensable to a lawful recovery by the plaintiff that the evidence should disclose what was the value of the property at the time of its conversion, or its highest value between the date of the conversion and the date of the trial, according as the plaintiff might elect to take one form of damages or the other.

6. If the plaintiff in an action of the character above indicated elects to take a money verdict, in determining what is the balance due on the debt reference should be had to the terms of the obligation, and interest will be calculated at the conventional rather than the legal rate, if there is in the writing an agreement to pay interest at the former rate. See *Fussell* v. *Heard*, supra. But in determining the balance due on the debt, attorney's fees should not be taken into consideration, notwithstanding an agreement to that effect in the note. Attorney's fees may be recovered, under certain conditions, when the suit is on the note or other evidence of debt; but if the contract of sale is rescinded by the bringing of an action of trover, attorney's fees can not be recovered as a part of the damages.

7. In the cross-bill of exceptions error is assigned upon the refusal of the court to strike certain portions of the defendant's plea. The objection urged to the plea was that it nowhere appeared that the defendant, or the defendant's agent, did not inspect or examine the machinery before purchasing the same. It is sought to bring the case within the rule laid down in *Harder* v. *Carter*, 97 *Ga.* 273, which has been followed in *American Car Co.* v. *Atlanta St. R. Co.*, 100 *Ga.* 254, and *Lunsford* v. *Malsby*, 101 *Ga.* 39.

It was, however, distinctly held in *Means* v. *Subers*, 115 *Ga.* 371, 374, that the rule laid down in the cases cited above would not be extended to a case where the maker of the note could have inspected but did not actually inspect or examine the article.

The foregoing discussion disposes of all questions that were insisted on in the briefs, which are of such a character as to require any elaborate notice. There was no error in rejecting the evidence in reference to the papers containing specimens of the handwriting of plaintiff, to be used in the comparison of writings, it not appearing that such papers had been submitted to the opposite party before he had announced ready for trial. See Civil Code, § 5247. There was no error in allowing the plaintiff to strike the name of the usee from the petition. It was mere surplusage and was properly stricken. See cases cited in *Willis* v. *Burch*, 116 *Ga.* 374. The plaintiff should not have been allowed to testify that he made no representation whatever to the defendant's husband, who was the agent of the defendant, and who was dead at the time of the trial. See *Dowdy* v. *Watson*, 115 *Ga.* 43 (7), 47.

*Judgment on the main bill of exceptions reversed; on cross-bill affirmed. All the Justices concur.*