## PHILLIPS v. STARR.

In an action on a note by the payee against the maker, it is a good defense
that the note in suit is a renewal of one given by the maker to the
payee for the purpose of enabling the payee to procure a loan of
money thereon for the maker, but that no money was procured for the
maker or for his benefit; that when the payee demanded payment of
the first note the maker declined to pay it, because he had never re-
ceived the money, whereupon the payee knowingly and falsely repre-
sented that he had a check in his possession to prove that the maker
had received the money, and that he would exhibit the check to the
maker; that on this representation the maker signed the renewal note,
but that the payee never exhibited the check, and in fact had no check.

MARCH 16, 1916.

Complaint.  Before Judge Meadow.  Franklin superior court.
July 31, 1915.

*Adams & Johnson,* for plaintiff.

*C. W. Bond* and *George L. Goode,* for defendant.

EVANS, P. J.  The payee of a note sued the maker and an ac-
commodation indorser.  The maker pleaded that the note sued on
was in renewal of another note given by the defendant to the payee,
and was obtained by fraud, as follows:  The first note was given
three years prior to the renewal note, and was executed for the
purpose and on the promise that the payee would procure a loan
for the maker, which was never done.  Payment of the first note
was demanded by the payee of the maker, who declined to pay it,
on the ground that he had never received any money on the note.
The payee assured the maker that the latter had received the
money, and stated that he had a check to substantiate this state-
ment and would exhibit the check to the maker.  On his represen-
tation that he had a check which would show that the maker had
received the money, and his promise to exhibit it to him, the maker
and accommodation indorser executed the note in suit.  The payee
did not exhibit the check; and it is alleged that such check never
existed, and that the circumstances under which the payee ob-
tained the renewal note amounted to fraud.  There was no de-
murrer to the plea, and the evidence of the defendant fully sus-
tained its allegations.  A verdict was returned for the defendant,
which the court refused to set aside on motion for new trial.

The plaintiff takes the position that the defendant disputed his
indebtedness at the time he renewed the old note, asserting that he
had never received the money which furnished its consideration, and

that when he gave the renewal note he waived that defense. It is undoubtedly true that if one gives a note for the payment of a debt after the same has been contracted, he waives all defenses of which he had full knowledge at the time he gave the note. *Edison Electric Co.* v. *Blount,* 96 *Ga.* 272 (23 S. E. 306); *American Car Co.* v. *Atlanta Railway Co.,* 100 *Ga.* 254 (28 S. E. 40); *Lunsford* v. *Malsby,* 101 *Ga.* 39 (28 S. E. 496). If nothing more appeared than that the parties were in disagreement as to the liability of the maker, and that the latter yielded his contention and executed the renewal note, the principle of these cases would apply, and preclude the defendant from insisting on the defense which he voluntarily surrendered and waived. But, according to the defendant's plea and evidence, he did not waive his defense of want of consideration in the first note. He avers that the payee practiced a fraud on him to get the new note. The fraudulent artifice consisted in falsely representing that the payee had in his possession a check which would demonstrate that the maker actually got the money on the first note, and that he would exhibit the same to the maker. On this representation the maker signed the note, and he avers and testifies that the payee's representation about the check was false, and that in point of fact he never received any benefit or consideration for the first note. One who perpetrates a fraud can not complain that his victim has confidence in him, which a more vigilant person would not have. If the new note was signed and given to the payee on a representation that he had in his possession a check which would demonstrate that the maker received the money on the old note, which representation was not only false but was known to the payee to be false, and was made to deceive the maker into the execution of the new note, such conduct would amount to fraud in its procurement. The first note being without consideration, the renewal note was likewise without consideration. 1 Dan. Neg. Inst. § 205. The evidence authorized this inference, and it can not be said that the verdict is not supported by the evidence.

<em>Judgment affirmed. All the Justices concur.</em>