## 14438.   MURROW v. WALDEN.

BLOODWORTH, J. 1. The motion to dismiss the bill of exceptions is denied.

2. Under the facts of this case the judge did not err either in striking the plea or in thereafter rendering a judgment in favor of the plaintiff.

3. Not being fully convinced that the bill of exceptions in this case was brought to this court for delay only, the request of the defendant in error that ten per cent. damages be assessed against plaintiff in error is denied.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 15, 1923.

Complaint; from city court of Tifton—Judge J. H. Price. March 5, 1923.

The motion to dismiss the writ of error was on the ground that the words "accepted" and "accepts" appear in the bill of exceptions where the words "excepted" and "excepts" should appear. They are followed by assignments of error in the usual form.

The action was upon promissory notes signed·by the defendants, on which there was a credit of $25.   J. B. Murrow, one of the defendants, filed an answer, denying the material allegations of the plaintiff's petition, and alleging: The consideration of "said note" is one Ford automobile, sold to defendant by the plaintiff's agent and guaranteed to be in good condition, which from the outside appeared to be as guaranteed.   Defendant found, after the automobile was taken into possession by him, that it was worthless,

and he had to spend a good deal of money on repairs; its radiator was in bad condition, leaking, the carburetor was out of order, and the automobile was practically worthless to him. After defendant found out the condition of the automobile he offered to return it to the plaintiff, and the plaintiff refused to accept it. Defendant paid plaintiff $25 on the automobile, and feels that this amount was all that the automobile was worth. By subsequent amendment to the petition the plaintiff alleged: The notes sued upon were given for the price of an automobile which was purchased by and delivered to W. A. Myers (one of the defendants) on June 22, 1921, and which was retained by him until the date of the notes sued on, —August 1, 1922,—and the plaintiff was preparing to repossess himself of the car, and made this known to W. A. Myers, when Myers obtained the execution of the notes. The automobile was not sold to Murrow, but he signed the notes for the purpose of preventing the car from being taken from Myers by the plaintiff; and upon execution of these notes the car was left in the possession of Myers. On allowance of this amendment the plaintiff made an oral motion to strike Murrow's answer, and the court passed an order as follows: "Unless the answer is amended within five days, setting up a legal defense, the above and foregoing answer is stricken, and judgment is rendered in favor of the plaintiff for full amount sued for, with interest." No amendment was filed by Murrow, and, after the expiration of the time allowed in the foregoing order, the court rendered final judgment against him, reciting therein that, "the defendant having failed to file any amendment," the preceding judgment "became operative as a judgment by default." The bill of exceptions assigns error on each of these judgments.

*W. B. Bennet, J. B. Murrow,* for plaintiff in error, cited: 21 *Ga. App.* 717; 20 *Ga. App.* 740.

*John Henry Poole,* contra, cited: 108 *Ga.* 12-14; 112 *Ga.* 662; 14 *Ga. App.* 172 (2); 71 *Ga.* 470; 134 *Ga.* 674 (2 a), and cit.; 119 *Ga.* 837 (7); Civil Code (1910), §§ 4135, 4140; 77 *Ga.* 701 (3); 101 *Ga.* 39 (1). As to damages for bringing the case to this court: 23 *Ga. App.* 273 (2); 20 *Ga. App.* 205; Id. 97 (5); 21 *Ga. App.* 100; 24 *Ga. App.* 244 (2), 248; 25 *Ga. App.* 721 (3); 27 *Ga. App.* 365; 2 *Ga. App.* 62; 6 *Ga. App.* 189; 7 *Ga. App.* 142; 8 *Ga. App.* 34; 18 *Ga. App.* 649; 19 *Ga. App.* 809, 811; 91 *Ga.* 192; 109 *Ga.* 172 (5).