## HALTIWANGER *v.* TANNER & COMPANY.

1. One who purchases for the purpose of resale, this purpose being known to the seller, goods expressly warranted as to quality, is not bound to examine the same with a view to detecting latent defects before making a resale, but may do so on the faith of the warranty under which he bought. It was therefore, in the present case, error to charge, in effect, that it was incumbent on the defendant to exercise ordinary care in discovering the alleged latent defects in the goods which he had purchased from the plaintiffs, before selling the same to others.
2. Except as to the matter above ruled upon, there was no substantial error in the charges complained of in the motion for a new trial.

Argued December 3, 1897.—Decided January 20, 1898.

Complaint on account.   Before Judge Berry.   City court of Atlanta.   January term, 1897.

*Candler & Thomson,* for plaintiff in error.

*W. H. & E. R. Black,* contra.

LITTLE, J. Haltiwanger, having previously purchased lin-seed-oil of Tanner & Co., forwarded by letter, on June 15, 1889, an order to Tanner & Co. for three barrels of linseed-oil raw, pure, and two barrels of linseed-oil boiled, pure, adding, in such letter containing the order, that there was an enterpris-ing drug-house in the city in which Haltiwanger resided, which was having Haltiwanger's oil analyzed by the State chemist, and for that reason Tanner & Co. were requested to send no oil but that which was pure. To this letter Tanner & Co. replied, in substance, that they were not manufacturers of linseed-oil, but that they promised the exact oil which Haltiwanger had been previously getting from them; whereupon Haltiwanger wired Tanner & Co.: "If same as last, fill the order to-day." Upon receipt of this telegram, the oil went forward; and after considerable correspondence between the sellers and the pur-chaser relative to the quality of the oil and the payment of the price agreed to be paid therefor, Tanner & Co. sued Halti-wanger for the purchase-price; to which action the latter pleaded, (1) that the oil which plaintiffs furnished was not in accordance with the contract made with the defendant, but was of a quality far inferior to and of much less value than that contracted for, so much so that the consideration has failed; (2) that the defendant agreed to buy three barrels of raw and two barrels of boiled linseed-oil of plaintiffs, at prices stated, and of the quality previously furnished him; that no such oil was ever furnished him, but instead thereof, greatly inferior oil was furnished him; and he, relying upon his contract and believing he had gotten the quality of oil contracted for, sold it as the best quality and so warranted it; that it proved to be worthless, and he has been compelled to make good his war-ranty; whereby he has been damaged over $150; that relying upon the contract plaintiffs made with him that said oil was of the best quality, he made no examination of it, but sold it as being of the best quality and so warranted; and that by reason of such warranty he had been damaged in certain stated

sums. The trial having resulted in a verdict for the plaintiffs for the amount sued for, the defendant made a motion for a new trial, which was overruled, and exception taken thereto; and this court is now to consider the errors alleged to have been committed by the court below in overruling said motion.

1. It is contended by the plaintiff in error, in his motion for a new trial, that the court erred in charging the jury, in effect, that if the defendant discovered the inferior quality of the oil before he used it, or could by the exercise of ordinary care have discovered that it was inferior, then he could not recover. In this contention we concur, and think the charge complained of erroneous. At common law, with respect to sales of this character, the doctrine of caveat emptor applies. In the absence of a warranty or fraud, the purchaser takes the risk of quality and condition. 1 Parsons, Con. (8th ed.) 577; Paul *v.* Hadley, 23 Barb. (N. Y.) 521; Dean *v.* Mason, 4 Conn. 428; Kellogg *v.* Denslow, 14 Conn. 411; Barnett *v.* Stanton, 2 Ala. 181; Lindsay *v.* Davis, 30 Mo. 406. The common law does not oblige a seller to disclose all that he knows which lessens the value of the property he would sell. He may be silent, leaving the purchaser to examine and inquire for himself, or to require a warranty. He may be silent and be safe; but if he be more than silent, if by acts, and certainly if by words, he leads the buyer astray, inducing him to suppose that he buys with warranty, or otherwise preventing his examination or inquiry, this becomes a fraud of which the law will take cognizance. The distinction seems to be,—and it is grounded upon the apparent necessity of leaving men to take some care of themselves in their business transactions,— the seller may let the buyer cheat himself ad libitum, but must not actively assist him in cheating himself. 1 Pars. Con. (8th ed.) *578, and authorities there cited. This doctrine, however, as was ruled in the case of *Cochran* v. *Jones*, 85 *Ga.* 678, has been modified by the statute law of this State, as embodied in section 3555 of the Civil Code, wherein it is provided that, if there be no express covenant of warranty, the seller warrants, (1) that he has a valid title and right to sell; (2) that the article sold is merchantable, and reasonably suited to the use intended; and (3)

that he knows of no latent defects undisclosed. The rule of the common law above referred to, however, recognizes the right of the purchaser to protect himself against defects, inferior quality, or unsoundness of the article or thing purchased, where such defects, inferior quality or unsoundness are of a latent character, by requiring of and obtaining from the seller an express warranty as to the character or quality of the subject-matter of the purchase. Where an express warranty is proved, the doctrine of caveat emptor does not apply, and the purchaser will be entitled to recover for defects in the warranted article. Barnett v. Stanton, 2 Ala. 184, and authorities there cited. To the same effect, see Lindsay v. Davis, 30 Mo. 406; Paul v. Hadley, 23 Barb. (N. Y.) 521; Dean v. Mason, 4 Conn. 428. Nor is there any duty resting upon the purchaser to inspect the article purchased, or exercise care in discovering any such defects therein. While the authorities seem to hold that a general warranty does not usually extend to defects apparent on simple inspection, requiring no skill to discover them, defects which are patent or obvious, nor to defects known to the buyer, inasmuch as it is generally presumed that the warranty as to such defects was waived, yet there seems to be no duty on the purchaser who has bought with a warranty to be careful in order to avoid a waiver of it. The purpose of exacting a warranty may be to exempt the purchaser from the necessity of diligence. Meickley v. Parsons, 55 Am. Rep. 261. Indeed such is the implication of section 3555 of our Civil Code, wherein it is provided: "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects," etc. The rule as to plain and obvious defects, or defects known to the purchaser at the time, is, as has been intimated above, controlled by different principles; which, however, it is unnecessary further to advert to in this connection, inasmuch as in the present case the evidence is conclusive that there was an express warranty, and inasmuch as there was evidence tending to show that the goods were not of the quality warranted; that the defendant was not aware of their inferior quality, which was of a latent character, either at the time of the arrival of the goods, or at the time of the sale thereof by the defend-

ant, who was then a druggist, to his customers for use; and that the defendant relied entirely on the warranty from the plaintiff. Consequently it follows from the principles above announced, that the charge complained of and hereinabove set out fixed upon the defendant, as a condition precedent to his right to avail himself of the remedies accruing to him under the warranty, a duty not required by law, and for that reason the same was erroneous.

2. A number of other exceptions were taken to instructions to the jury contained in the general charge of the court below, in none of which instructions, however, is there any substantial error; and therefore the judgment is reversed only because of the error heretofore pointed out.

*Judgment reversed. All the Justices concurring.*