374. KRONMAN *v.* ROUSH PRODUCE COMPANY.

1. While "an implied warranty of the fitness of property sold for ordinary use does not embrace defects discoverable by ordinary care," and even though the acceptance of the property purchased waives all defects which the purchaser could have discovered by the exercise of ordinary care and prudence before delivery, still, whether reasonable opportunity for inspection was afforded him, and whether he waived an inspection, or inspected in a careless and indifferent manner, or whether he exercised ordinary care and prudence, are questions of fact to be determined in each case according to its peculiar facts.

2. The absence of an express warranty raises an implied warranty that the seller knows of no hidden defects; and the acceptance of articles whose defects are concealed by the ordinary method of shipment of such goods does not necessarily amount to a waiver of such defects or preclude the defense of total failure of consideration. In such a case it is for the jury to determine, from the evidence, whether the defects were latent or were in fact waived by the purchaser.

3. The evidence in behalf of the defendant made out a complete defense. The jury believed this evidence in preference to that in behalf of the plaintiff, and rendered a verdict in favor of the defendant. The verdict, approved by the trial judge, will not be disturbed.

Appeal, from Bibb superior court—Judge Felton. February 25, 1907.

Argued June 19,—Decided November 27, 1907.

*C. E. Brown,* for plaintiff.

*Dasher & Parks, Miller & Jones,* for defendant.

RUSSELL, J. The Roush Produce Company, of Macon, Georgia, bought twenty kegs of grapes from Nathan Kronman, of New York. Roush refused to pay for the grapes, and Kronman brought suit in a justice's court to recover their value. The case was carried,

by appeal, to the superior court.   A verdict was rendered in favor
of the defendant, and this verdict was approved by the trial judge,
who declined to grant the plaintiff another hearing.   The evidence
of Roush, the proprietor of the Roush Produce Company, that the
grapes were worthless, unfit to use, could not be sold by him, and
that he received nothing from them, was undisputed.   The ques-
tion in the case is, whether Roush, by accepting the goods after
being afforded a reasonable opportunity to inspect them, is bound
because he waived all defects which might have been discovered
by the exercise of ordinary care and prudence before delivery.   If
there had been an express warranty that the goods were to be of a
certain kind or description, the acceptance of the goods and their
application to the uses of the buyer would raise the presumption
that they were of the quality ordered.   We so held in *DeLoach
Mfg. Co.* v. *Tutweiler Coal Co., 2 Ga. App.* 493 (58 S. E. 790).
We find, however, no evidence of an express warranty.   The in-
voice from Kronman to the Roush Produce Company was as fol-
lows :

"New York, Oct. 2, 1905.
"Sold to Roush Produce Company, Macon, Georgia.
"20 Kegs of grapes, 300, . . . . . . . . . $60.00
"Cartage . . ' . . . . . . . . . . .     1.00
"H. R. Stromer, broker."

The grapes, therefore, were sold with the implied warranty that
they were merchantable and reasonably suited to the use intended,
—they were to be salable and eatable grapes.

As stated above, the evidence that the grapes in question were
not salable nor fit to eat was not contradicted; but the purchaser
must exercise caution in detecting the defects in everything he
buys.   Civil Code, §3555.   "After acceptance of goods purchased,
the presumption is that they are of the quality ordered, and the
burden is on the buyer to prove the contrary."   Civil Code, §3557.
The plaintiff in error rested his case, first, upon the proposition
contained in the decisions in *Falvey* v. *Richmond,* 87 *Ga.* 100 (13
S. E. 261), *Wade* v. *Hamilton,* 30 *Ga.* 450, *Star Glass Co.* v.
*Longley,* 64 *Ga.* 576, *Atlantic Phosphate Co.* v. *Ely,* 82 *Ga.* 438
(9 S. E. 170), that delivery to the carrier is delivery to the pur-
chaser.   Next, relying upon the presumption stated in the Civil
Code, §3557, he contends, that there was an acceptance of the

goods by the purchaser, Roush, whose duty it was to exercise cau-tion in detecting the defects in the grapes before accepting them; and that Roush, having accepted them after full opportunity for inspection, waived all defects in the grapes, and can not now be heard to plead or say that there was a total failure of considera-tion. There was conflict in the evidence as to the condition of the grapes at the time that they were shipped from New York.. The plaintiff testified that they were in excellent condition. They were shipped October 3. Roush and his witnesses testified, that the grapes were sour and worthless on October 16, and that, from their experience as dealers in fruit, if the grapes had been sound, when shipped on October 3, they would have remained in good condition for several months. This testimony authorized the jury to believe that the goods were in bad condition when shipped. So that the actual condition of the grapes at the time of shipment was a question of fact, which the jury were authorized to deter-mine either way. And even should the principle that delivery to the carrier is delivery to the purchaser be applicable in this case, the purchaser ordinarily would not be bound to pay for the worthless grapes delivered to him.

Was there, then, such lack of caution on the part of the pur-chaser in inspecting the grapes, or such an acceptance of them by him, after reasonable opportunity for inspection, as constituted a. waiver of the defects in the grapes and precluded his defense of total failure of consideration? We think not. Counsel for plain-tiff in error relies upon the ruling in the case of *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95). The principles therein stated are well settled, if not elementary. Where property is bought under the: implied warranty that it is merchantable and reasonably suited to the use intended, an acceptance by the purchaser waives all de-fects which might have been discovered by the exercise of ordinary care and prudence before delivery. Or, as stated by the Supreme Court in *Hoffman* v. *Oates*, 77 *Ga.* 701, "an implied warranty of the fitness of property sold for ordinary use does not embrace de-fects discoverable by ordinary care." But the questions whether the purchaser in this case exercised due diligence, or ordinary care and prudence, in his examination and inspection of the grapes before accepting them, or whether he did in fact accept them, were, as in all other cases, peculiarly issues of fact for determina-

tion by the jury. The evidence showed that the defendant was not in the city of Macon, nor at his place of business, when the goods reached his store. Certain orders of grapes from his customers were filled by shipment of several kegs, before his return, and these kegs were returned by these customers, as worthless, as soon they were opened. So far from holding that the shipment of the kegs of grapes so shipped by the purchaser to his customers was an acceptance on his part, as it seems to be considered by the plaintiff in error, we rather think that this circumstance and the immediate return of the grapes by the customers could justly be considered by the jury as part of the inspection which developed the fact that the grapes were worthless.

The grapes were shipped in kegs, and it was not possible to ascertain their condition without opening the kegs. It appeared, from the evidence, that it was usual with the defendant to buy them in that way. The true condition of the grapes could only have been ascertained by opening the kegs and then repacking them in other kegs. We do not think that the purchaser was required to go to this expense; because he had the right to presume that there were no latent defects undisclosed. Latent defects are such as are hidden. The defects in the grapes, if any, were hidden by the kegs which concealed them. Whether the purchaser, in the exercise of ordinary caution and prudence, should have broken open the kegs in order to ascertain the defects in the grapes, was a question for the jury; and they have found (we think, not improperly, under the evidence) that such action on the part of the defendant was not required. The fact that there was evidence for the plaintiff that it was customary for dealers to inspect grapes before they were sent out should have been considered by the jury, and probably was; but it was not necessarily determinative of their decision on the subject of the defendant's diligence or caution. The questions of diligence and negligence, and the exercise of due caution, are peculiarly questions of fact for the jury; and we would not be authorized to say, under the evidence in this case, that the jury erred in finding that the defendant exercised ordinary care and prudence. The fact that the defendant, after his discovery of the bad condition of the grapes, agreed with an agent of the plaintiff that he would have the grapes reassorted and pay for any of them that he could sell, cuts no figure in the case, in

view of the uncontradicted testimony of the defendant that, though he had the grapes reassorted, he was never able to sell any of them. Counsel for the plaintiff in error further insists that the exercise of dominion over the grapes, after the defects were discovered by the defendant's customers, should have authorized a recovery in behalf of the plaintiff for at least part of the amount sued for. This does not necessarily follow.

In the determination of the questions involved in this case,—those of negligence or diligence, of caution or a careless and indifferent inspection,—every case is controlled by its own peculiar facts. In fact, if the evidence had shown that the defendant was at his store when the shipment of grapes was received, and himself accepted the grapes in kegs, and stored them away and did not discover the defects until he opened them, and that he did not open them until the latter portion of the period of time in which the evidence disclosed that they should still be good, and then discovered for the first time that they were totally worthless, a jury, passing upon the facts, would have the right to find that the defendant exercised due care and diligence in the discovery of the defects. We do not say that they should so find, but, under the uniform rulings of the courts, they would be authorized to so find. In the case of *Courier-Journal* v. *Howard,* 119 *Ga.* 378 (46 S. E. 440), a case far stronger for the plaintiff in error than the case at bar, the Supreme Court unanimously held, that "the evidence of the defendant made out a complete defense to the action against him. The jury believed it and rendered a verdict in his favor, which was approved by the trial judge, and this court will not disturb it." The facts do not appear in the report of that case, but an examination of the original record shows that the defendant, Howard, paid in advance a part of the purchase-price of books, then took possession of the books purchased, and kept them for nearly a year under his control, before he discovered that they were not the books he had bought; yet the verdict finding that he had exercised ordinary caution in the discovery of the defect was sustained. In that case, the defect upon which the plea of total failure of consideration was sustained was that the defendant proved that the Encyclopedia Brittanica accepted by him did not contain valuable copyrighted articles which were included in the edition he had contracted to buy. This would

seem to be an extreme case, but it furnishes evidence that the fact of caution or prudence, or the absence of either, is peculiarly for the jury.

We think the verdict in this case is fully sustained by the evidence and authorized by law, and that the trial judge did not err in refusing a new trial. *Judgment affirmed.*