13139. ·BRAY *et al.* v. SOUTHERN IRON & EQUIPMENT COMPANY.

JENKINS, P. J.  1.  (a) "In a contract for the sale of goods, words descriptive of the subject-matter of sale . . are ordinarily to be regarded as a warranty." *Henderson Elevator Co.* v. *North Ga. Milling Co.*, 126 *Ga.* 279 (55 S. E. 50).

(b) Where goods are sold under an express warranty, and the contract does not expressly provide for inspection prior to acceptance, there is no duty resting upon the purchaser to exercise ordinary care by inspecting the goods tendered, in order to ascertain whether or not they come up to the representations, since he is entitled to rely upon the warranty embraced in the sales agreement. Civil Code (1910), § 4135; *Haltiwanger* v. *Tanner*, 103 *Ga.* 314 (29 S. E. 965); *Moultrie Repair Co.* v. *Hill*, 120 *Ga.* 730 (48 S. E. 143). However, after an acceptance under such a contract of sale, the burden is upon the buyer to prove that they do not come up to the warranty. Civil Code, § 4137; *Cook* v. *Finch*, 117 *Ga.* 541, 544 (44 S. E. 95).

(c) Where a contract of purchase and sale embodying an express warranty provides in terms for inspection, the purchaser will not thereafter be permitted to assert patent defects, or latent defects of which he had actual knowledge, but his acceptance will not preclude him from setting up damages for latent defects of which he had no actual knowledge. *Miller* v. *Moore,* 83 *Ga.* 684 (10 S. E. 360, 6 L. R. A. 374, 20 Am. St. R. 329). Whether the defects are patent or latent is generally a question for the jury. *Kronman* v. *Roush Produce Co.,* 3 *Ga. App.* 152 (2) (59 S. E. 320).

(d) "A breach of warranty, express or implied, does not annul the sale if executed, but gives the purchaser a right to damages." Civil Code (1910), § 4136. Thus, where goods are sold under an express warranty, but where the contract provides also for an inspection prior to acceptance, and the sale has been thus executed, the remedy of the purchaser, in the absence of fraud on the part of the seller, is not a rescission of the contract, but he is limited to a claim for damages on account of latent defects of which he did not have actual knowledge. *Hutchinson Lumber Co.* v. *Dickerson,* 127 *Ga.* 328 (3) (56 S. E. 491); *Snellgrove* v. *Dingelhoef,* 25 *Ga. App.* 334 (103 S. E. 418).

2. In accordance with the foregoing rulings, a verdict was demanded in favor of the plaintiff, and the court did not err in directing the same. Even though the goods may have contained latent defects such as would constitute a breach of the express terms of the sale agreement, the sale having been made subject to inspection and it not being contended that the acceptance after actual inspection was in any way induced by fraud, the contract could not thereafter be rescinded on account of latent defects, but the purchaser was limited to whatever damages he might have thereby been entitled to under the terms of the sale agreement.     *Judgment affirmed. Stephens, J., concurs.*

DECIDED JULY 24, 1922.

Complaint; from city court of Valdosta — Judge Cranford. December 9, 1921.

*E. K. Wilcox,* for plaintiffs in error.

*C. L. Smith, O. M. Smith, Smith, Hammond & Smith,* contra.