### 15350. MOUND CITY ROOFING TILE COMPANY v. WALKER.

JENKINS, P. J.   1.   "In order for the holder of a promissory note given for the purchase-price of an article to claim that the maker has waived his right to set up as a defense that the article was defective, it must appear that at the time the note was given the maker had actual knowledge that the article was defective, or that, prior to the giving of the note, he had inspected and examined the article in question, and the defects therein were of such a character as to be patent to the person making the inspection or examination. The rule will not be extended to a case where the maker could have inspected but actually did not inspect or examine the article." *Means* v. *Subers,* 115 *Ga.* 371, 374 (41 S. E. 633).

2. There is another and different rule to the effect that, "if there is no express covenant of warranty, the purchaser must exercise caution in detecting defects" (Civil Code, 1910, § 4135); and it has been held that the provisions of code-section 4137, that "partial payment, with knowledge of the defective condition, will not estop the buyer from pleading partial failure of consideration," apply only in cases of sales under express warranties. *Cook* v. *Finch,* 117 *Ga.* 541, 544 (44 S. E. 95). Thus, "where property is bought under the implied warranty that it is reasonably suited to the uses intended, an acceptance by the purchaser of the property waives all defects which might have been discovered by the exercise of ordinary care and prudence before delivery." *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730 (2) (48 S. E. 143); *Lunsford* v. *Malsby,* 101 *Ga.* 39, 41 (28 S. E. 496). But such a duty to inspect, or even an actual inspection, does not preclude the seller from pleading latent defects of which he had no actual knowledge and which were such as might not have been discovered by the exercise of ordinary care and prudence. *Cook* v. *Finch, supra.* Whether the defects were patent, or whether they were such as might by the exercise of ordinary care and prudence have been discovered prior to acceptance, is generally a question for the jury. *Kronman* v. *Roush Produce Co.,* 3 *Ga. App.* 152 (2) (59 S. E. 320); *Bray* v. *Southern Iron & Equipment Co.,* 28 *Ga. App.* 813 (1 c) (113 S. E. 55). The rule is different where the sale is made in accordance with the terms of an express warranty. *North Ga. Milling Co.* v. *Henderson Elevator Co.,* 130 *Ga.* 113 (60 S. E. 258, 24 L. R. A. (N. S.) 235).

3. In the instant case, where the defendant sets up a breach of the implied warranty, the judge of the municipal court, who tried the case without a jury, was authorized to find that the defects were neither patent nor of such character as should have been discovered prior to acceptance by the exercise of ordinary care and prudence. The evidence was in conflict as to the actual existence of the defects complained of, but a finding in the defendant's favor upon that question was authorized, as was a finding that the resultant damages amounted to as much or more than the balance of the purchase-price sued for. The judge of the superior court therefore did not err in overruling the certiorari.          *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 15, 1924.

Certiorari; from Fulton superior court—Judge Humphries. December 27, 1923.

*Walter R. Brown,* for plaintiff.

*Brackett & Tindall,* for defendant.