### 18192. SMITH et al. v. VAUGHN.

JENKINS, P. J. 1. In a suit for the purchase-price of a commodity sold under a contract expressly specifying the grade and quality, amounting to an express warranty, the purchaser is under no duty, before accepting the same and giving his note therefor, to exercise care in discovering defects such as would amount to a breach of the express terms of the warranty; but, in the absence of actual prior knowledge that the goods were not of the quality specified, or in the absence of an actual inspection such as would have disclosed patent defects subsequently complained of, the purchaser is entitled to accept the goods and give his note therefor, relying upon the seller to comply with his obligation with respect to the terms of his express warranty. *North Ga. Milling Co.* v. *Henderson Elevator Co.*, 130 *Ga.* 113 (60 S. E. 258, 24 L. R. A. (N. S.) 235); *Means* v. *Subers*, 115 *Ga.* 371 (41 S. E. 633). Thus, where lumber of a certain

Evidence, 22 C. J. p. 367, n. 99; p. 369, n. 1; p. 370, n. 2; p. 372, n. 3; p. 375, n. 6.
Sales, 35 Cyc. p. 378, n. 78, 80; p. 482, n. 87.

kind and character was sold under a contract specifying a certain grade and quality such as would ordinarily have excluded lumber containing "pin holes," except that it was specifically provided that "pin holes" were not to be accounted as defects, and where, in a suit on the purchase-money note given after acceptance, the defendant sought by his evidence to establish that the lumber when delivered contained worm holes larger than "pin holes," such as amounted to a breach of the warranty, of which defects the defendant contended he did not have actual knowledge at the time the lumber was accepted and the note given, and where, under the evidence, it was an issue of fact whether the defects complained of amounted to a breach of the warranty, and, if so, whether such defects were in existence at the time the lumber was received and stacked, and, if then existent, whether they were of such patent character as must have been discovered by such examination as was actually made when the lumber was received in its undressed condition and stacked, it was error for the court to direct a verdict for the plaintiff. *Miller* v. *Moore*, 83 *Ga.* 684 (10 S. E. 360, 6 L. R. A. 374, 20 Am. St. R. 329); *Mound City Roofing Tile Co.* v. *Walker*, 33 *Ga. App.* 207 (125 S. E. 863).

2. Although the admissions of an agent, made during the existence and in pursuance of his power, are evidence against the principal (Civil Code of 1910, § 5779), the court erred in admitting the declarations of the defendant's bookkeeper with reference to the quality of the commodity furnished, where it appeared that the declarations were not made during the existence of any power delegated to the bookkeeper to act for the defendant in accepting the goods sued for, but were in fact made long after the time when the goods were received and accepted, and where it further was not made to appear that the bookkeeper was at any time clothed with authority to act for the defendant in accepting or rejecting the commodity furnished and sued for.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 17, 1927.

Complaint; from Barrow superior court—Judge Stark. October 2, 1926.

*H. H. Chandler, J. D. Quillian, G. A. Johns,* for plaintiffs in error.

*Dorsey, Shelton & Dorsey, R. H. Kimball,* contra.