## 20870. SMITH v. LOFTIS BROTHERS & COMPANY.

JENKINS, P. J. 1. "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." *Bullard* v. *Brewer*, 118 *Ga.* 918 (45 S. E. 711); *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (3) (150 S. E. 600). Accordingly, in a suit brought by the vendor of personalty sold under an express warranty and described in the contract of purchase and sale as a one and one-half carat diamond ring, slightly imperfect, it was not error for the court to reject evidence proffered on behalf of the defendant that in giving his order for the diamond ring he specified that it be a duplicate of a ring previously purchased by him from the plaintiff, and that the ring which constituted the subject-matter of the contract sued on was not of the same quality and fineness as the ring first purchased.

2. In a suit for the purchase-price of a commodity sold under a contract expressly specifying the grade and quality, amounting to an express warranty, the purchaser is under no duty, before accepting the same and giving his note therefor, to exercise care in discovering defects such as would amount to a breach of the express terms of the warranty; but, in the absence of actual prior knowledge that the goods were not of the quality specified, or in the absence of an actual inspection such as would have disclosed patent defects subsequently complained of, the purchaser is entitled to accept the goods and give his note therefor, relying upon the seller to comply with his obligation with respect to the terms of his express warranty. *Smith* v. *Vaughn*, 37 *Ga. App.* 558 (140 S. E. 892); *North Ga. Milling Co.* v. *Henderson Elevator Co.*, 130 *Ga.* 113 (60 S. E. 258, 24 L. R. A. (N. S.) 235); *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95); *Henderson Elevator Co.* v. *North Ga. Milling Co.*, 126 *Ga.* 279 (55 S. E. 50); *Springer* v. *Indianapolis Brewing Co.*, 126 *Ga.* 321 (55 S. E. 53). In a case where there has been an actual inspection, it is ordinarily a question for the jury to determine whether the defects afterwards complained of were latent or patent. *Kronman* v. *Rousch Produce Co.*, 3 *Ga. App.* 152 (2) (59 S. E. 320); *Bray* v. *Southern Iron & Equipment Co.*, 28 *Ga. App.* 813 (1c) (113 S. E. 55); *Mound City Roofing Tile Co.* v. *Walker*, 33 *Ga. App.* 207 (2) (125 S. E. 863). Accordingly, where, after the execution of a contract of purchase and sale containing an express warranty, and the delivery of the property constituting the subject-matter of the sale, it does not appear that the vendee, prior to his acceptance of the property and the giving of the note sued on therefor, actually knew of the defects later complained of, the mere fact that the purchaser may have subsequently written to the vendor, acknowledging and promising to pay the indebtedness, without making any complaint that the property was not of the kind and quality stipulated by the written warranty, would not preclude him from setting up a partial failure of consideration by seeking to establish the existence of a material latent defect in the purchased property, in violation of the terms of the warranty. Especially is this true where it does not appear that at the time such letter was written the purchaser had knowledge of the alleged latent defect.

3. Where depositions are taken without commission and upon notice, under the provisions of the Civil Code (1910), § 5905 et seq., the testimony of the witness should be reduced to writing by the officer taking the deposition, or by the witness in the presence of the officer; but the officer may employ a disinterested stenographer to take down and write out the testimony. In either case the testimony, after it has been reduced to writing, should be subscribed by the deponent. *Woodward* v. *Fuller*, 145 *Ga.* 252 (6) (88 S. E. 974). Every such deposition "shall be retained by the officer taking it until he delivers it with his own hands into the court for which it is taken; or it shall, with a certificate of the reasons for taking it, and of the want of interest of the officer, and of the stenographer if one be employed, and with the notice, if any be given to the adverse party, be sealed up and directed to such court, and remain under his seal until opened in court." Civil Code (1910), § 5909. In the instant case it appears from the certificate of the officer taking the deposition of a witness for the plaintiff that the answers of the witness were reduced to writing, in the presence of the officer, by a stenographer, and no certificate of the lack of interest of the stenographer accompanied the deposition. Consequently, it was not returned in the manner provided by law and was not admissible in evidence. Since the testimony of this witness was material to the issue involved, and since the verdict in favor of the plaintiff, although authorized, was not demanded by the evidence, the error of the court in admitting the deposition over objection necessitates a new trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED MAY 15, 1931.

*J. C. Newsome,* for plaintiff in error. *Evans & Evans,* contra.