46498, 46499.   GEORGIA TIMBERLANDS, INC. v.
SOUTHERN AIRWAY COMPANY; and vice versa.

PANNELL, Judge. This case involves appeals from the denial
of motions for summary judgment of the plaintiff and
defendant in an action by the plaintiff against the de-
fendant for an alleged breach of warranty in the pur-
chase of a used airplane by plaintiff from the defendant.
The action was brought in two counts, the first count
being upon an alleged implied warranty as to merchanta-
bility and the second count upon an express warranty.
The defendant denied the material allegations of the
complaint and counterclaimed for a balance due for re-
pairs of the airplane occurring as the result of the al-
leged breach of warranty. The defendant made a motion
to dismiss the appeal filed by the plaintiff. *Held:*

1. Where a certificate of a trial judge authorizes an appeal
from the denial of a motion for summary judgment "and
that direct appeal in said matter is proper" such certifi-
cate is sufficient to comply with paragraph (4) .of Section
1 of the Appellate Practice Act as amended (Ga. L. 1965,
p. 18; Ga. L. 1968, pp. 1072, 1073; *Code Ann.* § 6-701 (a)
(4)) and is not defective or insufficient because the certif-
icate also contains language appropriate to a certificate
under paragraph (2) of that section, that is that the judg-
ment "is of such importance to the case that an immedi-
ate review should be had." The motion to dismiss the
appeal in case number 46498 is denied.

2. Since the evidence is uncontradicted that the article sold,

even though a used or second-hand article, was sold by a seller who "is a merchant with respect to goods of that kind" an implied warranty of merchantability attaches to the sale under Section 109A-2—314 of the Ga. UCC (Ga. L. 1962, pp. 156, 189) unless excluded or modified by Section 109A-2—316 thereof. Nothing to the contrary was ruled in *General Motors Corp. v. Halco Instruments, Inc.,* 124 Ga. App. 630, 635 (185 SE2d 619), as that case involved a sale by a purchaser from a merchant to a third party. Two of the exclusions may be included in this case under the evidence: paragraph (3) (b) "when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and" under (3) (c) an implied warranty can also be excluded or modified by "course of dealing or course of performance or usage of trade."

(a) The only indication the tee was defective was the scratch marks on the tee, part of the fuel line to one of the engines on the airplane, which the opinion evidence showed indicated excessive torque applied when installing the tee resulting in excessive stress and eventual breakage. The evidence showed without contradiction that the tee did break resulting in a fire and damage to the airplane a few days after its purchase by the plaintiff. The plaintiff made no inspection of the airplane. The defendant, before delivering the airplane, gave it a "100 hour inspection" and an "annual inspection," as was required before purchase, and did not discover the defect, that is, the scratch marks on the tee. This could indicate that the scratch marks were not there at the time of inspection or it could indicate that they were not discovered by this inspection. "Whether the defects were patent, or whether they were such as might by the exercise of ordinary care and prudence have been discovered prior to acceptance, is generally a question for the jury. *Kron-*

*man v. Roush Produce Co.,* 3 Ga. App. 152 (2) (59 SE 320); *Bray v. Southern Iron & Equipment Co.,* 28 Ga. App. 813 (1c) (113 SE 55). The rule is different where the sale is made in accordance with the terms of an express warranty. *North Ga. Milling Co. v. Henderson Elevator Co.,* 130 Ga. 113 (60 SE 258, 24 LRA (NS) 235)." *Mound City Roofing Tile Co. v. Walker,* 33 Ga. App. 207 (2) (125 SE 863). It accordingly appears that there was a jury question on this issue.

(b) While there was uncontradicted testimony that it was the custom and usage of the trade that second-hand or used airplanes were sold without warranty, the scope of this custom, whether local or universal, was not shown. "The existence and scope of such a usage are to be proved as facts." Section 109A-1—205 (2) of the Ga. UCC.

3. It therefore appears that the defendant seller failed to carry the burden cast upon it on its motion for summary judgment as to Count 1 of the petition; and neither did the plaintiff carry its burden. See in this connection *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114); *Colonial Stores, Inc. v. Turner,* 117 Ga. App. 331, 334 (160 SE2d 672); *Matthews v. North Cobb Tire Co.,* 120 Ga. App. 269, 271 (170 SE2d 57). There was no error in refusing to grant summary judgment as to liability or lack of liability as to Count 1 of the petition in favor of either party.

4. Count 2 of the petition, setting up a claim of express warranty, was conclusively disproven by the plaintiff's own evidence. There was no error in denying plaintiff's motion for summary judgment as to Count 2, but there was error in overruling defendant's motion for summary judgment as to Count 2.

5. There was no error in denying the plaintiff's motion for summary judgment as to the damages claimed.

6. Since the plaintiff admitted that it owed a balance to the defendant for repairs to the airplane, the trial judge erred in denying the defendant's motion for summary judgment as to liability on the counterclaim; however,

such a judgment when rendered shall be conditioned upon the execution thereof being held in abeyance until the final outcome of the case.

*Judgment in case number 46498 affirmed; judgment in case number 46499 affirmed in part and reversed in part. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 8, 1971—DECIDED JANUARY 11, 1972—REHEARING DENIED FEBRUARY 1, 1972—

*Stack & O'Brien, Joseph R. Manning, David J. Keeler,* for appellant.

*N. Forrest Montet,* for appellee.