## 37578. CRAVEN et al. v. GEORGIA POWER COMPANY.

GREGORY, Justice.

This appeal arose out of a condemnation proceeding using the Special Master Act, Code Ann. Ch. 36-6A (Ga. L. 1957, p. 387). The trial court denied condemnee's prayer for injunctive relief. Appeal was taken from the denial.

There was evidence before the trial court from which the judge could have found the following facts: Georgia Power Company agents and employees determined the most practical route to follow in constructing a transmission line. The location of a section of this route placed the center line of the right-of-way on condemnee's land approximately 220 feet from his home. Condemnee's son asked the agents of Georgia Power Company if they would move the route further from his father's home. After additional study the agents proposed an alternate route which would be more costly and less practical but would locate the center line some 420 feet from condemnee's home. The agents told condemnee's son they would follow the alternate route provided condemnee and another landowner would agree to sell land for the right-of-way which would be required, and if condemnation could be avoided. Neither condemnee nor the other landowner would sell for the price offered. Condemnation proceedings were brought. By mistake, the alternate route was set forth in the petition. When the mistake was discovered the first petition was dismissed. Later this second proceeding was begun. In the second petition the original route which placed the center line of the right-of-way approximately 220 feet from condemnee's home was alleged.

The single enumeration of error contends the trial court erred in denying condemnee's prayer for a temporary injunction. Condemnee asserts that the Georgia Power Company has acted arbitrarily and capriciously in selecting the route for the transmission line and the trial court should have enjoined the condemnation. Condemnee argues the second proceeding was brought out of a spirit of revenge for condemnee's refusal to accept the offer of purchase of

right-of-way for the alternate route. The law is clear, as acknowledged by these parties, that the condemnor is vested with broad discretion to determine the necessity for taking land and for selecting the particular land to be taken. *Sweat v. Ga. Power Co.,* 235 Ga. 281, 284 (219 SE2d 384) (1975). The courts will not interfere with the exercise of this discretion unless the condemnor acts in bad faith or beyond its powers. *Sweat,* supra. We have said that "bad faith" in this context is to be distinguished from negligence and bad judgment. It is comparable to "conscious wrongdoing motivated by improper interest or ill will." *City of Atlanta v. First Nat. Bank,* 246 Ga. 424 (271 SE2d 821) (1980). Moreover, the issue is before us in the procedural status of an appeal from the denial of a temporary injunction. The granting or denying of a temporary injunction will not be interfered with by this court if supported by evidence. *Barrett v. State Highway Dept.,* 211 Ga. 876, 877 (89 SE2d 652) (1955). There is evidence in the record to support the trial court's determination that Georgia Power Company did not act in bad faith, arbitrarily or capriciously.

*Judgment affirmed. Jordan, C. J., Hill, P. J., Marshall, Clarke and Smith, JJ., concur.*

DECIDED SEPTEMBER 8, 1981.

*J. Kenneth Royal,* for appellants.

*Jap H. Highsmith, Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, Donald W. Janney,* for appellee.