69503. SHANNON v. HUNTLEY'S JIFFY STORES, INC.
(329 SE2d 208)

POPE, Judge.

Appellant Rhonda Shannon was employed by appellee Huntley's Jiffy Stores, Inc. (Jiffy Stores) and its corporate predecessor, Jack's Minit Markets, from November 12, 1980 until she was fired for violation of company policy. The violation, sending a substitute to work for her without receiving prior permission to do so, occurred on February 28, 1983. Termination was effective February 27, 1983, the last day Shannon actually worked. Shannon brought suit alleging wrongful termination and seeking vacation pay and pay allegedly owed at the time of termination. The trial court granted summary judgment to appellee Jiffy Stores.

1. Shannon first enumerates as error the trial court's denial of her motion to compel discovery. Counsel for both parties had agreed to an extension of time for Jiffy Stores to answer interrogatories. Within the agreed period, Jiffy Stores responded, answering some interrogatories and objecting to others. Shannon brought her motion, arguing that the agreement provided an extension only to answer, not to object. The trial court is vested with a broad discretion over the use of discovery procedures and unless there is clear abuse of its discretion, appellate courts will not interfere in its rulings. *Jackson v. Gordon*, 122 Ga. App. 657 (178 SE2d 310) (1970). Our review of the record shows no abuse of discretion. The enumeration is without merit.

2. Shannon also argues that the trial court erred in granting summary judgment to Jiffy Stores. Shannon had no written contract of employment and was, thus, an employee terminable at will. In the case of an employee terminable at will, there can be no cause of action for wrongful termination. *Ga. Power Co. v. Busbin*, 242 Ga. 612

(1) (250 SE2d 442) (1978). Shannon acknowledged in her deposition that she received the employees' handbook which contained Jiffy Stores' policy on vacation pay. The handbook stipulates how vacation is earned. It also states in plain terms that employees who are terminated shall not be eligible for any paid vacation. Shannon alleges no promise regarding vacation pay made to her at the time of termination which is contrary to the policy set out in the handbook. Rather, she asserts that her vacation benefits were already earned and vested before she was fired.

"It is the accepted law of this state that an additional compensation plan offered by an employer and impliedly accepted by an employee, by remaining in employment, constitutes a contract between them . . . [Cits.]" *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49) (1981). "Where no matter of fact is involved, the construction of a plain and definite contract, if needed, is a matter of law for the court; a contract is not ambiguous, even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more permissible meanings represents the true intention of the parties. [Cit.]" *Runyan v. Economics Laboratory*, 147 Ga. App. 53, 55 (248 SE2d 44) (1978). The policies in the employee handbook of which Shannon was aware form a part of her contract of employment. By the clear and unambiguous terms of the contract as set out in the handbook, Shannon, because she has been terminated, is not entitled to any vacation pay. We cannot agree with Shannon that statements made by Keatts and Altman, employees of Jiffy Stores, that an employee is entitled to two weeks vacation after working for a certain period of time is an admission against interest by Jiffy Stores to show that Shannon had a right to vacation pay. First, the statements relied upon simply do not contradict the policies in the handbook. Second, even if they did, there is no showing that either employee had any authority to speak for Jiffy Stores to alter the written policy. See *Smith v. Vaughn*, 37 Ga. App. 558 (2) (140 SE 892) (1927). Nor can we agree with Shannon's argument that summary judgment is inappropriate because the Employee Retirement Income Security Act (ERISA) is applicable. United States Department of Labor regulations, codified at 29 CFR § 2510.3-1 (b) (2) and (3), state that payment of an employee's normal compensation, out of the employer's general assets, on account of sickness or while an employee is on vacation shall not constitute a "welfare plan" under ERISA. The record shows that Jiffy Stores paid sick and vacation pay from general assets.

We also cannot agree that the court erred in granting summary judgment regarding Shannon's claim for one day of sick pay. She was terminated for not following company procedure in sending a substitute to work for her. Termination was effective the last day she

worked. Shannon has produced no evidence to counter Jiffy Stores' showing that she was terminated as an "at-will" employee effective before the start of her scheduled workday. Therefore, the court did not err in granting summary judgment to Jiffy Stores on all issues.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 22, 1985 — 

*W. Douglas Adams*, for appellant.
*Griffin B. Bell, Jr., Lawrence S. McGoldrick, Robert P. Killian*, for appellee.