75656. MOFFIE v. OGLETHORPE UNIVERSITY, INC. et al.
(367 SE2d 112)

McMURRAY, Presiding Judge.

Plaintiff Moffie is a former Associate Professor of Psychology who was denied tenure at defendant Oglethorpe University, Inc. Plaintiff's complaint alleges that defendant breached its contract with him by violating the procedures set forth in the Faculty Handbook which was incorporated by reference in his employment contract. The complaint also alleges that plaintiff's reputation as a teacher and scholar has been damaged. Plaintiff appeals the grant of summary judgment in favor of defendant. *Held*:

Plaintiff's appointment to the faculty of the defendant university from the 1979-80 academic year through the 1985-86 academic year

was by a series of annual contracts. Each brief annual contract, which was less than one and a half typewritten pages in length, explicitly incorporates by reference certain portions of the Faculty Handbook. However, no explicit reference is made in the annual contracts to those portions of the Faculty Handbook dealing with appointment with tenure. Nonetheless, plaintiff was a tenure track employee. Tenure track faculty members were terminated upon completion of their seventh annual contract if such contract was issued without tenure.

Considering the obvious economic value of tenure, we view the consideration of tenure track academicians for that status as a form of compensation (albeit intangible). "It is the accepted law of this state that an additional compensation plan offered by an employer and impliedly accepted by an employee, by remaining in employment, constitutes a contract between them . . ." *Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49). Thus, we conclude that those portions of the Faculty Handbook dealing with consideration for appointment with tenure and of which plaintiff was aware, form a part of plaintiff's contract of employment. *Shannon v. Huntley's Jiffy Stores*, 174 Ga. App. 125, 126 (329 SE2d 208).

Each tenure track faculty member was considered for tenure with the 5th, 6th and 7th annual contracts. Plaintiff's action is predicated on his third and final consideration for tenure which occurred during the spring of 1985 or during the period covered by his sixth annual contract for the 1984-85 academic year. The contract covering this period was executed in April of 1984, so that the then-current 1981 edition of the Faculty Handbook supplies the tenure provisions at issue.

We must determine whether defendant has breached the contractual provisions regarding the procedures to be followed in considering plaintiff for appointment with tenure. Plaintiff suggests deviations from the procedures set forth in the Faculty Handbook. The first suggested deviation is without merit because it is predicated on provisions of the Faculty Handbook which relate only to limited or annual appointments.

Secondly, plaintiff relies upon a provision which provides that "when tenure decisions are to be made, the Dean and appropriate Division Chairperson . . . formalize and forward to the President a specific recommendation, with supportive data, as to whether or not the faculty member being considered should be offered tenure." In the case sub judice, the Dean and Division Chairperson were not in agreement as to whether tenure should be granted plaintiff. We find nothing in the Faculty Handbook requiring that this recommendation be joint or unanimous. Therefore, we perceive no breach of the contractual provisions in the forwarding to the President of the conflicting recommendations of the Dean and the Division Chairperson. Addi-

tionally, we do not find, in the provision allowing supportive data to be attached to the recommendations forwarded, any requirement that all available data or any specific data be attached.

Under the provisions of the Faculty Handbook, the assembled data, including the recommendation of the Dean and the Division Chairperson, along with the recommendation of the President of defendant are presented to defendant's Board of Trustees for final action. The Faculty Handbook provides that: "Tenure decision, with supportive data when called for by the person being evaluated, is then presented to the faculty member concerned, by the President or the Dean."

Plaintiff contends that defendant has failed to provide him with the supportive data for the decision denying his appointment with tenure. While this contention may be correct there can be no damages arising from such a breach following the final decision against awarding tenure to plaintiff. The Faculty Handbook contains no provision for reconsideration of an adverse decision on tenure and all that is lost by such a failure is the satisfaction of plaintiff's curiosity.

Finally, we are not aware of any principle which would require defendant to provide plaintiff with an opportunity to request and receive a reconsideration of the decision of defendant's Board of Trustees, although we do note in this connection that plaintiff was considered for tenure on two previous occasions.

The exercise of academic judgment alone governs the conferring of tenure. The uncontradicted evidence in the case sub judice is that plaintiff was afforded a procedure in substantial conformity with the contractual provisions. Consequently, the superior court did not err in granting defendant's motion for summary judgment. OCGA § 9-11-56; *Jones v. Clark*, 182 Ga. App. 871 (357 SE2d 285).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED MARCH 11, 1988.

*Theodore G. Frankel, Robert F. Waldon*, for appellant.
*Edward Katze, John L. Turoff, G. Michael Banick, Maria N. Sorolis*, for appellees.