A90A0463, A90A0464. SUPERIOR INSURANCE COMPANY v. BROWNE.
(395 SE2d 611)

CARLEY, Chief Judge.

On February 10, 1986, appellee-plaintiff became an at-will employee of appellant. As a "new employee" under the provisions of the handbook for appellant's employees, appellee earned several days of paid vacation during 1986 and, when she voluntarily resigned on January 29, 1987, appellant paid her for the one vacation day that she had earned in 1986, but had not yet taken. However, appellee insisted that, under the terms of the employees' handbook, she was entitled to be paid for an additional 10 days of vacation that she had earned in

1987, but had not yet taken. When appellant refused to pay her for more than one day of vacation, appellee brought this action to recover an amount equivalent to her salary for 10 days, and she originally named Standard Plan, Inc. (Standard Plan) as the defendant. However, after Standard Plan answered, denying that it was appellee's employer, and filed a counterclaim for abusive litigation, appellee dismissed her action as against it and served her complaint on appellant. After discovery, cross-motions for summary judgment were filed both as to appellee's claim against appellant and Standard Plan's claim against appellee. After conducting a hearing, the trial court granted summary judgment in favor of appellee as to both claims.

In Case No. A90A0463, appellant appeals pursuant to our grant of its application to bring a discretionary appeal from the $961.50 summary judgment that was granted in appellee's favor. In Case No. A90A0464, appellant appeals directly from that same order.

### Case No. A90A0464

1. Appellant is not authorized to bring a direct appeal from the trial court's grant of the $961.50 summary judgment in favor of appellee. *Jarrett v. Ford Motor Credit Co.,* 178 Ga. App. 600 (344 SE2d 440) (1986). Accordingly, this unauthorized direct appeal is dismissed for lack of jurisdiction.

### Case No. A90A0463

2. With regard to appellee's entitlement to be paid for an additional 10 days of vacation, appellant enumerates as error the denial of its motion for summary judgment and the grant of summary judgment in favor of appellee.

"It is the accepted law of this state that an additional compensation plan offered by an employer and impliedly accepted by an employee, by remaining in employment, constitutes a contract between them. . . . [Cits.]" *Fletcher v. Amax, Inc.,* 160 Ga. App. 692, 695 (288 SE2d 49) (1981). " 'Where no matter of fact is involved, the construction of a plain and definite contract, if needed, is a matter of law for the court; a contract is not ambiguous, even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more permissible meanings represents the true intention of the parties. (Cit.)' [Cit.]" *Shannon v. Huntley's Jiffy Stores,* 174 Ga. App. 125, 126 (329 SE2d 208) (1985).

The handbook for appellant's employees provides that "[v]acation is earned according" to a listed schedule of "calendar years of service" and that for those employees having one-to-four "calendar years of service" 10 days of "[v]acation is earned. . . ." It

is apparently appellee's contention that, as of January 1, 1987, she achieved the status of an employee with one "calendar year of service" and that she therefore had earned 10 additional days for 1987, even though she was in appellant's employ for less than a full month of that "calendar year." It is clear that appellee's status as a "new employee" did end on December 31, 1986. However, it is equally clear that, as of January 1, 1987, appellee did *not* automatically attain the status of an employee with one "calendar year *of service*." Appellee could not have one "calendar year of service" as appellant's employee unless and until she had remained in appellant's employment through December 31, 1987. The employees' handbook otherwise unambiguously provides that "[v]acation is officially earned at the rate of one day per full month of employment after [three months of probation] (up to a maximum of 10 days)." It is thus clear that, as of January 1, 1987, appellee was merely *eligible* to earn 10 days of vacation *during* her first "calendar year of service." She did not automatically earn 10 days of vacation by merely being in appellant's employment on the first day of the first month of her first "calendar year of service."

It is undisputed that appellee was paid for the one day of vacation that she earned in 1986 as a "new employee," but did not take. It is also clear that appellee did not earn even one additional vacation day because she resigned on January 29, 1987, and was not, therefore, in appellant's employment for a "full month" during that calendar year. It follows that the trial court erred in granting appellee's motion for summary judgment and in denying summary judgment in favor of appellant.

3. Appellant also enumerates as error the grant of summary judgment in favor of appellee as to Standard Plan's claim for abusive litigation.

Since Standard Plan is apparently a separate entity which asserted its own separate abusive litigation claim against appellee, appellant has no standing to raise this issue on appeal. See generally *Shackelford v. Green*, 180 Ga. App. 617 (349 SE2d 781) (1986), aff'd 257 Ga. 9 (356 SE2d 27) (1987).

*Judgment reversed in Case No. A90A0463. Appeal dismissed in Case No. A90A0464. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 20, 1990 —
REHEARING DENIED JULY 2, 1990.

*Eason, Kennedy & Associates, Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellant.

*Duncan & Mangiafico, George E. Duncan, Jr., Leslie P.*

*Becknell*, for appellee.