A98A1938. ADVANCE TECHNOLOGY CONSULTANTS, INC.
v. ROADTRAC, L.L.C.
(512 SE2d 27)

BLACKBURN, Judge.

In this interlocutory appeal regarding the use of trade secrets and intellectual property, RoadTrac, L.L.C. sued Advance Technology Consultants, Inc. (ATC) for, among other things, breach of contract and misappropriation of trade secrets. ATC now appeals two of the trial court's rulings governing discovery, contending: (1) that the trial court erred by requiring ATC to disclose its nontechnical trade secret, proprietary, and confidential information, including marketing contacts and customer lists, without an appropriate protective order, and (2) that the trial court erred by denying ATC's request to defer the production of certain information until ATC's motion to dismiss certain claims by RoadTrac had been considered.

On November 9, 1995, RoadTrac and ATC entered into a Venture

Agreement in which ATC contracted to provide "central site software, hardware interfaces, maps, upgrades and enhancements, associated reports and reporting, client software systems for the Products and monitoring" for global positioning satellite system (GPS) technology being developed by RoadTrac.[1] In return, RoadTrac agreed to provide ATC certain hardware with which ATC's software would interface.

On January 4, 1996, RoadTrac and ATC entered into a Distributor Agreement whereby ATC contracted to distribute RoadTrac's GPS products. ATC further agreed to certain covenants not to compete with RoadTrac in the development and sale of GPS technology. Pursuant to the duties and obligations created by these contracts, RoadTrac and ATC shared information regarding the development of GPS technology.

Following the execution of these contracts, problems and misunderstandings occurred. ATC alleges that the GPS hardware supplied to it by RoadTrac was defective, making it difficult to develop compatible software. RoadTrac, on the other hand, contends that its hardware was fully functional and that ATC simply failed to provide supporting software at all.

Several months after entering into the Venture Agreement and the Distributor Agreement, ATC entered into a direct contract with Southwestern Bell Telephone Company, with which both RoadTrac and ATC had been in contact previously, to deploy GPS tracking systems. On September 4, 1996, ATC informed RoadTrac that, due to the alleged nonperformance of its hardware, it considered both the Venture Agreement and the Distributor Agreement to have been breached and subject to termination. On September 11, 1996, RoadTrac responded by filing suit against ATC for breach of contract, misappropriation of trade secrets, tortious interference with business relations, and violation of the Georgia Trade Secrets Act. RoadTrac claimed that ATC had stolen its customers and its trade secrets. RoadTrac also sought litigation expenses.

During the discovery which ensued, RoadTrac requested ATC's records concerning its development and distribution of GPS technology both before and after the "termination" of the Venture Agreement and Distribution Agreement. The requested material covered both technical information relating to the development of hardware and software and nontechnical information such as customer lists and marketing procedures. ATC failed to produce all of the requested information, contending that RoadTrac was not entitled to material generated subsequent to the termination of the Venture Agreement

---

[1] Global positioning satellite system technology involves the use of satellites to track the position of objects on the surface of the earth.

and the Distribution Agreement.

On April 1, 1997, RoadTrac filed a motion to compel ATC to comply with its discovery requests. After a number of hearings, the trial court granted RoadTrac's motion on February 16, 1998. The trial court ordered that all technical information which was not in ATC's possession as of the purported termination date would be produced on an "attorneys'- and experts'-eyes-only basis." No similar protections were placed on similar nontechnical information.

1. ATC now contends that the trial court abused its discretion by failing to place any protection on the production of its nontechnical information. RoadTrac concurs, stating in its brief: "RoadTrac agrees that a protective order limiting use of ATC's nontechnical, trade secret information to this case would be appropriate."

"The trial court is vested with a broad discretion over the use of discovery procedures and unless there is clear abuse of its discretion, appellate courts will not interfere in its rulings." *Shannon v. Huntley's Jiffy Stores,* 174 Ga. App. 125 (1) (329 SE2d 208) (1985).

In this case, it is still contested whether ATC actually breached its agreements with RoadTrac. Furthermore, it is clear that, without any protections in place, ATC could be irreparably harmed, as ATC and RoadTrac are now in the position of being competitive bidders for projects in the newly emerging field of GPS technology. As such, RoadTrac should not have unlimited access to ATC's customer information, marketing lists, pricing policies, and the like. Accordingly, we find that the trial court abused its discretion in failing to formulate appropriate protections for ATC's nontechnical trade secret, proprietary, and confidential information, and we remand the case so the trial court can do so.

2. ATC also contends that the trial court erred by deferring a ruling on its motion to dismiss until completion of discovery. On September 22, 1997, ATC filed a motion to dismiss all of RoadTrac's claims based upon restrictive covenants contained in the Venture Agreement and the Distributor Agreement, contending that such covenants were unenforceable as a matter of Georgia law. With regard to RoadTrac's motion to compel, ATC argued that it should not be forced to produce information concerning its development of GPS technology until after the trial court ruled on its motion to dismiss. On February 16, 1998, the trial court deferred consideration of ATC's motion and ordered discovery to continue.

The trial court did not abuse its discretion in deferring a ruling on ATC's motion to dismiss, and we affirm this ruling. While ATC argues that the discovery sought by RoadTrac will have no bearing on the efficacy of its motion to dismiss, this argument is misplaced. RoadTrac's claims cover areas which are not necessarily dependent on the covenants contained in the contracts, such as misappropria-

tion of trade secrets and tortious interference with business relations, and the discovery sought by RoadTrac could produce relevant evidence with regard to these claims.

*Judgment affirmed in part, reversed in part and case remanded. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 5, 1999 —
RECONSIDERATION DENIED FEBRUARY 22, 1999 — 

*Gillen, Dailey, Cromwell & Withers, Michael A. Dailey*, for appellant.

*Arnall, Golden & Gregory, Kevin B. Getzendanner, James W. Butler III, Henry R. Chalmers,* for appellee.