S98G1797. CITY OF MARIETTA v. EDWARDS et al.
(519 SE2d 217)

CARLEY, Justice.

In July of 1993, the City of Marietta solicited bids for the sale of certain property and, in September, it accepted the bid of Julian and Nancy Edwards (Appellees). In October, counsel for the City asked Appellees to consider selling a portion of the property back to the City for use as a right-of-way. Appellees contacted Tom Boland, the City's agent or "facilitator" of the sale, to inquire about the City's intentions regarding condemnation. The parties disagree as to whether, and to what extent, Mr. Boland assured Appellees that the City would not exercise its power of eminent domain. The sale closed in November and Appellees then spent substantial amounts on renovations and improvements. In February of 1994, on the day after a City councilman informed Appellees of imminent action by the City, the council voted to condemn the right-of-way. In June, the City filed a condemnation petition which affected both Appellees' property and the adjoining property of Eileen Fowler, now Mrs. Albert Weir. The special master recommended dismissal of the petition on the ground that the City had exercised its condemnation powers in bad faith, arbitrarily, capriciously, and beyond powers conferred by law. The superior court, on cross-motions for summary judgment, granted summary judgment in favor of the City. On appeal, the Court of Appeals affirmed with respect to Mrs. Weir's property, but reversed as to Appellees' property. *Fowler v. City of Marietta,* 233 Ga. App. 622 (504 SE2d 726) (1998). We granted certiorari to consider whether the Court of Appeals erred in holding that a genuine issue of material fact remained as to the City's "bad faith" exercise of its power of eminent domain in the attempted partial taking of Appellees' property. Although the Court of Appeals applied the appropriate standard of review (*Georgia Canoeing Assn. v. Henry,* 263 Ga. 77 (428 SE2d 336) (1993)), the record shows that no genuine issue of material fact

remains and, therefore, we reverse the Court of Appeals' judgment reversing the grant of summary judgment as to the City's condemnation of Appellees' property.

The only evidence regarding any assurances from Mr. Boland was the following testimony of Mr. Edwards: "I asked him what would happen if I did not agree to sell and he said the matter would, more than likely, be dropped. . . ." Even construed most favorably for Appellees, this statement is, at best, equivocal. It indicates only that the City probably would not exercise its legal right of condemnation. It certainly does not guarantee that the City would not do so. There is a distinction between the City's sale of its own property and the exercise of its power to condemn the property of its citizens. Thus, Boland's statement in his capacity as the agent for the City's initial sale of its property is not probative on the issue of the City's bad faith in the subsequent condemnation of Appellees' property. See OCGA § 24-3-33; *Black v. New Holland Bapt. Church*, 122 Ga. App. 606, 609 (1) (a) (178 SE2d 571) (1970); *Hardware Mut. Cas. Co. v. Collier*, 69 Ga. App. 235, 243 (5) (25 SE2d 136) (1943); *Smith v. Vaughn*, 37 Ga. App. 558, 559 (2) (140 SE 892) (1927). Moreover, OCGA § 45-6-5 provides that the City cannot be estopped by "the acts of any officer done in the exercise of an unconferred power." Here, Appellees seek to estop the City from the exercise of its right of eminent domain by asserting Boland's unauthorized statements as evidence of the City's bad faith. This is precisely what OCGA § 45-6-5 prohibits. See *City of Warner Robins v. Rushing*, 259 Ga. 348 (381 SE2d 38) (1989).

The Court of Appeals concluded that there was evidence that the City intentionally misled Appellees so as to induce them to consummate the purchase. *Fowler v. City of Marietta*, supra at 624-625 (1). However, Appellees' bid was accepted several weeks before the City allegedly misled them. Once Appellees entered into a legal, nonfraudulent contract with the City to purchase the property, they were bound to fulfill the contract even if it was unwise or disadvantageous to them. *Yon v. City of Atlanta*, 201 Ga. 800, 804 (2) (41 SE2d 516) (1947). When, after accepting the bid, the City realized that it should have retained a portion of the property for an expanded right-of-way, it could have condemned a portion of Appellees' contract rights prior to consummation of the contract. *City of Atlanta v. Airways Parking Co.*, 225 Ga. 173, 175 (1) (167 SE2d 145) (1969). Thus, Appellees could not have refused to consummate the sale on the ground that the City decided to condemn part of the property which they were contractually obligated to buy. Appellees have proved, at most, that the City's condemnation plans were uncertain, changing, and inaccurately communicated during the course of an entirely separate and distinct sales transaction. Without more, such evidence

does not show bad faith in the subsequent condemnation. See *Craven v. Ga. Power Co.*, 248 Ga. 79 (281 SE2d 568) (1981). " '[B]ad faith' in this context is to be distinguished from negligence and bad judgment. It is comparable to 'conscious wrongdoing motivated by improper interest or ill will.' [Cit.]" *Craven v. Ga. Power Co.*, supra at 80.

The condemnation will not result in an unjust enrichment of the City at Appellees' expense. The fact that Appellees made renovations to the property does not affect either the City's right to condemn the right-of-way or its obligation to pay just and adequate compensation. Appellees did with their property as they desired and, in order to condemn the property, the City will have to pay just and adequate compensation for the right-of-way valued as part of the newly-renovated property on the date of taking. *City of Atlanta v. West*, 123 Ga. App. 255, 257 (1) (180 SE2d 277) (1971). Therefore, the fact that the City condemned the right-of-way after the renovation does not constitute evidence of bad faith.

When the City finally voted to condemn, its stated public purpose was a valid one. " 'This court has been reluctant to find bad faith on the part of a condemnor in its determination of public purpose in the exercise of the right of eminent domain.' [Cit.]" *Concept Capital Corp. v. DeKalb County*, 255 Ga. 452, 453 (3) (339 SE2d 583) (1986). This Court has found bad faith in the determination of public purpose only when the stated purpose was a subterfuge. *Carroll County v. City of Bremen*, 256 Ga. 281 (347 SE2d 598) (1986); *Earth Management v. Heard County*, 248 Ga. 442, 448 (4) (283 SE2d 455) (1981). Indeed, the import of the holdings in *Carroll County* and *Earth Management* " 'is that a condemning authority may not utilize the power of eminent domain to restrict a legitimate activity in which the state has an interest.' [Cit.]" *Concept Capital Corp. v. DeKalb County*, supra at 454 (3). See also *City of Atlanta v. Petkas*, 253 Ga. 447, 449 (321 SE2d 725) (1984). Appellees make no argument that the City's stated purpose was a subterfuge. Therefore, we find no bad faith in the City's determination of the public purpose for taking part of the property.

The issue in this case is not whether Appellees have a valid equitable claim to rescind their initial purchase of the property based upon fraudulent inducement by the City. The question is whether the City has lost the constitutional right to condemn the property because of its *subsequent* bad faith exercise of that right. Construing the evidence most favorably for Appellees and against the City, no genuine issue of material fact remains in that regard. Accordingly, the Court of Appeals erred in reversing the trial court's grant of summary judgment in favor of the City as to the condemnation of Appellees' property. This holding renders the remaining enumerations of error moot and does not affect the Court of Appeals' affirmance of

summary judgment as to Mrs. Weir's property.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JULY 6, 1999 —
RECONSIDERATION DENIED JULY 30, 1999.

*Haynie & Litchfield, Douglas R. Haynie, Emilie K. Petrovich,* for appellant.
*Moore, Ingram, Johnson & Steele, John H. Moore, Kevin T. Moore, J. Kevin Moore,* for appellees.